UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
Eastern Division

RECEIVED
2009 JUL 23 P 3:49

_____ P. HACKETT, CLK
  DISTRICT COURT
  DISTRICT ALA

AUBURN UNIVERSITY,           )   Civil Action No. 3:09cv694-WHA
                             )
        Plaintiff,            )   **COMPLAINT FOR PATENT**
                             )   **INFRINGEMENT, UNJUST**
v.                           )   **ENRICHMENT AND CONVERSION**
                             )
INTERNATIONAL BUSINESS       )
MACHINES, CORP.,             )
                             )   **JURY TRIAL DEMANDED**
        Defendant.            )
                             )

Plaintiff Auburn University ("Auburn") files this Complaint and demand for jury trial seeking relief for patent infringement, unjust enrichment and conversion by Defendant International Business Machines, Corp. ("IBM"). Auburn states and alleges the following:

## NATURE OF THE ACTION

1. This is an action against IBM for patent infringement, conversion and unjust enrichment.

2. Dr. Adit Singh is James B. Davis Professor in the school of Electrical Engineering at Auburn University. One of Dr. Singh's many areas of expertise is in the assessment of defects in circuit technology. Dr. Singh has won numerous awards and published numerous articles in this area, and he is the current chairman of the IEEE Test Technology Technical Council.

3. One of the largest costs of manufacturing integrated circuits is reliability testing. Integrated circuits are difficult to produce without defects and testing for those defects can be

202326.1

time consuming and costly. A substantial percentage of the cost of making an integrated circuit is the cost of this testing.

4.     As part of his research, Dr. Singh, working with one of his graduate students, Thomas Barnett, discovered methods whereby circuit components can be classified based on their expected defect rate, allowing circuit manufacturers to determine quickly which manufactured circuits are most likely to fail. Dr. Singh and Mr. Barnett's discoveries allow computer manufacturers, for example, to vastly reduce the cost of manufacturing integrated circuits and memory.

5.     Based on this research, Auburn patented methods for classifying computer components based on expected reliability and estimating the reliability of those components based on the classification. Auburn filed the first of a number of patent applications on this technology in October, 2001, and its first patent on the technology issued in 2007.

6.     Knowing this technology was and is lawfully Auburn's, IBM stole this technology, and is now willfully and knowingly infringing Auburn's patent rights. Auburn files this action to seek redress for IBM's misappropriation of Auburn's technology and its ongoing infringement of Auburn's patent rights.

## PARTIES

7.     Auburn is a public university with a principal place of business located at 309 Samford Hall, Auburn University, Alabama 36849.

8.     IBM is a corporation existing under the laws of the state of New York with a principal place of business located at New Orchard Road, Armonk, New York, 10504.

9.     The United States Patent and Trademark Office issued United States Patent Nos. 6,789,032 ("the '032 patent") and 7,139,944 ("the '944 patent") to IBM.

## JURISDICTION AND VENUE

10. This is an action for patent infringement arising under the patent laws of the United States (35 U.S.C. § 100, *et seq.*).

11. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

12. Jurisdiction over state claims is based on 28 U.S.C. § 1367.

13. Upon information and belief, this Court has personal jurisdiction over IBM because it regularly conducts business in the Middle District of Alabama and therefore has substantial and continuous contacts within this judicial district; because IBM has purposefully availed itself of the privileges of conducting business in this judicial district; and/or because IBM committed a tortuous act that injured Auburn, a citizen of the state of Alabama.

14. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## PATENTS-IN-SUIT

15. On March 20, 2007, United States Patent No. 7,194,366, entitled "System and Method for Estimating Reliability of Components for Testing and Quality Optimization," was issued. A true and correct copy of the '366 patent is attached hereto as Exhibit A.

16. On August 5, 2008, United States Patent No. 7,409,306, entitled "System and Method for Estimating Reliability of Components for Testing and Quality Optimization" was issued. A true and correct copy of the '306 patent is attached hereto as Exhibit B.

17. Auburn is the owner by assignment of the '366 patent and the '306 patent.

## BACKGROUND FACTS

**Auburn's Patents**

18. Auburn's patents disclose and claim methods for classifying computer components, such as integrated circuit die components (*i.e.*, computer chips), based on expected reliability, and using reliability determinations to optimize subsequent defect testing. The named inventors on the '366 patent and the '306 patent are Adit Singh and Thomas Barnett.

19. Dr. Singh is a Professor in the Department of Electrical Engineering at Auburn University. Dr. Singh was a supervisor to Mr. Barnett, a graduate student at Auburn who was also a research assistant on several grants.

20. Dr. Singh and Mr. Barnett filed patent applications on their inventions in October 2001 (U.S. Provisional Application Nos. 60/347,974 and 60/335,108) and in March 2002 (U.S. Provisional Application No. 60/366,109) (collectively "Auburn's patent applications"). Both the '366 and the '306 patents claim priority to these applications. Auburn's patent policy required Dr. Singh and Mr. Barnett to assign their patent rights to Auburn, which they did.

**IBM's Appropriation of Auburn's Technologies**

21. In 2001, while Mr. Barnett was still a graduate student at Auburn, IBM learned of Dr. Singh's and Mr. Barnett's work.

22. In February of 2001, IBM asked Dr. Singh whether Mr. Barnett would be interested in spending a summer interning at IBM.

23. After consultation with Dr. Singh, Mr. Barnett accepted IBM's invitation and spent the summer of 2001 at IBM as a summer intern at IBM's Burlington, Vermont facility, while he continued to be a graduate student at Auburn.

24. After he completed his summer at IBM, Mr. Barnett continued as a graduate student at Auburn.

25. In October 2001, while at Auburn, Dr. Singh and Mr. Barnett filed patent applications on their inventions.

26. On December 26, 2001, while Auburn's patent applications were pending, IBM filed a patent application directed towards similar subject matter as Auburn's patent applications (IBM filed Provisional Patent Application No. 60/344,209). That application resulted in the '032 patent.

27. On August 25, 2003, IBM filed a second patent application on similar subject matter as Auburn's patent applications. That application resulted in the '944 patent.

28. The '032 and '944 patents are based in whole or in part on the misappropriation of the research of Dr. Singh and Mr. Barnett. While Mr. Barnett is listed as a co-inventor on the '032 and the '944 patents, Dr. Singh is not.

29. Auburn did not authorize IBM to file patent applications on Auburn's technology.

30. IBM knew of Auburn's rights to the technology.

**IBM's Infringement of Auburn's Patents**

31. Upon information and belief, IBM has used and is using the technologies claimed in Auburn's '366 and '306 patents for testing of certain products.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,194,366

32.     Auburn restates and realleges the preceding paragraphs of this Complaint.

33.     Upon information and belief, IBM performs testing (or has testing performed for its benefit) that infringes one or more of the claims of the '366 patent.

34.     Upon information and belief, IBM has directly infringed, contributed to and/or actively induced infringement of the '366 patent and is continuing to directly infringe, contribute to and/or actively induce infringement by making, using, importing, offering for sale, soliciting sales by others, enabling or assisting with sales by others of, and/or selling within the United States products, including, without limitation, integrated circuits tested using the claimed methods, which is covered by one or more claims of the '366 patent.

35.     Upon information and belief, IBM has been and is infringing the '366 patent with knowledge of the patent, and thus IBM's infringement is willful.

36.     IBM's infringement of the '366 patent is without the consent of, authority of, or license from, Auburn.

37.     Upon information and belief, IBM has caused and will continue to cause Auburn irreparable injury and damage by infringing the '366 patent.  Auburn will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until IBM is enjoined from infringing the '366 patent.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,409,306

38.     Auburn restates and realleges the preceding paragraphs of this Complaint.

39.     Upon information and belief, IBM performs testing (or has testing performed for its benefit) that infringes one or more of the claims of the '306 patent.

40.     Upon information and belief, IBM has directly infringed, contributed to and/or actively induced infringement of the '306 patent and is continuing to directly infringe, contribute to and/or actively induce infringement by making, using, importing, offering for sale, soliciting sales by others, enabling or assisting with sales by others of, and/or selling within the United States products, including, without limitation, integrated circuits tested using the claimed methods, which is covered by one or more claims of the '306 patent.

41.     IBM's infringement of the '306 patent is without the consent of, authority of, or license from, Auburn.

42.     Upon information and belief, IBM has caused and will continue to cause Auburn irreparable injury and damage by infringing the '306 patent. Auburn will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until IBM is enjoined from infringing the '306 patent.

## COUNT III
## UNJUST ENRICHMENT

43.     Auburn restates and realleges the preceding paragraphs of this Complaint.

44.     IBM engaged in unconscionable conduct when it illegally, wrongfully, knowingly, and without authority, appropriated Auburn's technologies and improperly obtained patent rights thereon.

45. As a result of its actions, IBM received a benefit from Auburn, the retention of which is against equity and good conscience.

## COUNT IV
## CONVERSION

46. Auburn restates and realleges the preceding paragraphs of this Complaint.

47. Auburn is the legal owner of technologies conceived of and developed by Dr. Singh and Mr. Barnett, and is entitled to possession of that property.

48. IBM took control of Auburn's property and wrongfully exercised that control in a manner inconsistent with Auburn's ownership, and to the exclusion of Auburn's rights in the property, specifically by obtaining U.S. Patent Nos. 6,789,032 and 7,139,944 and depriving Auburn of its property rights.

49. IBM converted property properly belonging to Auburn in known violation of Auburn's rights and the law by obtaining patent rights in Auburn's technologies.

50. IBM converted Auburn's technologies without the knowledge and/or consent of Auburn.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, Auburn requests judgment against IBM as follows:

1. Pursuant to 35 U.S.C. § 271, a determination that IBM has directly infringed and contributed to and actively induced infringement of U.S. Patent Nos. 7,194,366 and 7,409,306;

2. Pursuant to 35 U.S.C. § 283, an order that IBM and its officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, be preliminarily and permanently enjoined from infringing U.S. Patent Nos. 7,194,366 and 7,409,306;

3. Pursuant to 35 U.S.C. § 284, an award of damages adequate to compensate Auburn for IBM's infringement of U.S. Patent Nos. 7,194,366 and 7,409,306, together with pre-judgment and post-judgment interest and costs;

4. Award Auburn an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

5. Pursuant to 35 U.S.C. § 284, an award of treble damages due to the willful and deliberate nature of IBM's infringement of the '366 patent;

6. Pursuant to 35 U.S.C. § 285, a determination that this is an exceptional case and entry of judgment for Auburn's costs with an assessment of interest and reasonable attorney's fees;

7. Pursuant to Alabama law, an award of damages adequate to compensate Auburn for IBM's conversion of Auburn's inventions, as well as punitive damages in an amount sufficient to penalize IBM and deter IBM and others from repeating such wrongful conduct;

8. Pursuant to Alabama law, an award of damages adequate to compensate Auburn for IBM's unjust enrichment;

9. An assignment of U.S. Patent Nos. 6,789,032 and 7,139,944 to Auburn;

10. That the Court grant such other, further, or different relief as the Court may deem just and proper.

Respectfully submitted,

Dated: July 23, 2009

*David R. Boyd*

David R. Boyd (ASB-0717-D52D)
dboyd@balch.com
G. Lane Knight (ASB-6748-172K)
lknight@balch.com
BALCH & BINGHAM LLP
105 Tallapoosa St., Suite 200
P.O. Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

Juanita Brooks (CA 75934) brooks@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Jonathan E. Singer (MN 0283459) singer@fr.com
Michael J. Kane (MN 247625) kane@fr.com
John C. Adkisson (MN 266358) adkisson@fr.com
Williarm R. Woodford (MN 322595)
woodford@fr.com
FISH & RICHARDSON P.C.
3200 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Civil Rule 38.1, Auburn demands a trial by jury on all issues triable as of right by a jury.

Respectfully submitted,

Dated: July 23, 2009

*David R. Boyd*

David R. Boyd (ASB-0717-D52D)
dboyd@balch.com
G. Lane Knight (ASB-6748-172K)
lknight@balch.com
BALCH & BINGHAM LLP
105 Tallapoosa St., Suite 200

P.O. Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

Juanita Brooks (CA 75934) brooks@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Jonathan E. Singer (MN 0283459) singer@fr.com
Michael J. Kane (MN 247625) kane@fr.com
John C. Adkisson (MN 266358) adkisson@fr.com
William R. Woodford (MN 322595)
woodford@fr.com
FISH & RICHARDSON P.C.
3200 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696