IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AUBURN UNIVERSITY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:09-cv-694-MEF |
| | ) |
| INTERNATIONAL BUSINESS | ) (WO) |
| MACHINES CORP., | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Auburn University's Motion for Leave to File Brief and Exhibits Under Seal, (Doc. # 120), filed on October 8, 2010 by Plaintiff Auburn University ("Auburn").

**FACTS AND PROCEDURAL HISTORY**

On July 23, 2009, Auburn filed this suit alleging infringement of two of its patents as well as conversion and unjust enrichment. (Doc. # 1). After the conversion and unjust enrichment claims were dismissed, Auburn filed its First Amended Complaint for Correction of Inventorship and Patent Infringement on July 17, 2010. (Doc. # 87).

One January 1, 2010, the parties filed a Joint Motion for a Protective Order. (Doc. # 67). One day later, the Court entered a Protective Order. (Doc. # 68). Under this Protective Order, the parties were permitted to designate discovery material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES

ONLY." *Id.* at 2, ¶ 3.  These designations meant that the party receiving the discovery material could use it "solely for the purposes of the preparation and trial" of this case.  *Id.*  A party can use the "CONFIDENTIAL" designation for discovery material "which that party, in good faith, deems to be confidential in nature and that (a) is not publicly known and that the [p]arty would not normally reveal to third parties or, if disclosed would require such third parties to maintain in confidence, or that (b) comprises or contains information that the party claims in good faith to constitute or relate to sensitive non-public proprietary information, such as trade secrets or other confidential research, development, or commercial information."  *Id.* at 3, ¶ 6.

The "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" designation can be used only for discovery material that satisfies the requirements of the "CONFIDENTIAL" designation.  *Id.*  Furthermore, such discovery material must "contain[] or disclose[] information relating to, referencing, or pertaining to highly sensitive or proprietary technical, financial, business or personal information, the improper use or disclosure of which would likely do harm to the [p]roducing [p]arty's business, employees, or other persons, which may include but is not limited to, confidential customer lists, trade secrets relating to current or future products, and non-public documents concerning pending patent applications."  *Id.* at 3–4, ¶ 6.

On June 22, 2010, this Court entered a Scheduling Order, which required, in part, that the parties file their opening claim-construction briefs by October 8, 2010.  (Doc. # 91, at 2).  With the instant motion, Auburn seeks leave to file under seal a non-public

(unredacted) version of its opening claim-construction brief and exhibits thereto, both of which contain information that Auburn has designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY."  (Doc. # 120, at 1).

## II.  DISCUSSION

A federal court's authority to seal or otherwise prevent public access to documents or proceedings is derived from Rule 26(c) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26(c); *see also In re Estate of Martin Luther King, Jr., Inc., v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1362 (N.D. Ga. 2002).  In relevant part, Rule 26(c) provides:

> Protective Orders.  Upon motion by a party or by the person from whom discovery is sought . . . for *good cause* shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> . . . .
> (6) that a deposition, after being sealed, be opened only by order of the court;
> (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and
> (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

Fed. R. Civ. P. 26(c) (emphasis added).  While parties often stipulate to a protective order designating particular documents as confidential, such a stipulation only "postpones the necessary showing of 'good cause' required for entry of a protective order until the confidential designation is challenged."  *Chicago Tribune Co. v. Bridgestone/Firestone,*

*Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)).

Even when no third party challenges a motion to seal, however, the Court must still ensure that the motion is supported by good cause. *See Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1363. "The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (internal citation omitted).

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). There is a limited First Amendment right of access to civil trial proceedings. *See Chicago Tribune*, 263 F.3d at 1310. In addition, the public has a common-law right to inspect and copy judicial records, although the right is not absolute. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-98 (1978). Absent a showing that the interests of non-disclosure outweigh the public's common law right of access, courts often deny even joint motions to seal in civil cases. *See, e.g., Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544 (7th Cir. 2002) (denying joint motion to maintain certain documents under seal); *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514 (E.D. La. 2005) (denying joint motion to seal court record); *Stamp v. Overnite Transp. Co.*, No. Civ. A. 96-2320-GTV, 1998 WL 229538 (D. Kan. Apr. 10, 1998) (denying joint motion to seal court record).

Analysis of whether materials submitted in conjunction with the motions in this case are subject to either the common-law right of access or the First Amendment right of access requires the Court to assess whether the proponent of sealing the documents has satisfied the "good cause" showing required by Federal Rule of Civil Procedure 26(c). *See, e.g., Chicago Tribune*, 263 F.3d at 1310-15; *Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1365-67.  This analysis requires the Court to (1) determine whether valid grounds for the issuance of a protective order have been presented; and (2) balance the public's interest in access against the litigant's interest in confidentiality.  *Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1366.  Auburn has failed to present the Court with sufficient grounds for sealing the documents pursuant to Federal Rule of Civil Procedure 26(c).  Therefore, in light of the foregoing authorities, it is hereby ORDERED that:

Auburn show cause in writing on or before **October 18, 2010** as to why its opening claim-construction briefs and exhibits thereto should be filed under seal.  Auburn's submission in response to this Order should cite legal precedent and make specific arguments as to why that precedent supports its position with respect to filing the exhibit under seal.

DONE this the 14th day of October, 2010.

/s/ Mark E. Fuller

CHIEF UNITED STATES DISTRICT JUDGE