IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AUBURN UNIVERSITY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:09-cv-694-MEF |
| | ) |
| INTERNATIONAL BUSINESS | ) |
| MACHINES, CORP., | )           (WO) |
| | ) |
| Defendant. | ) |

# **ORDER**

As per this Court's oral order at the January 24, 2011 *Markman* claim-construction hearing, it is hereby ORDERED that **on or before January 28, 2011**:

1. Defendant shall submit case law, if any, whereby a court imported limitations from a preferred embodiment because that was the sole embodiment referencing the claimed invention; and

2. The parties shall provide their objections, if any, to the following proposed claim constructions:

| Claim Term | Proposed Construction |
|---|---|
| latent defects | defects that delay their failure effect until the associated die are subsequently tested or put in use |
| repairable defects | killer defects that can be repaired by replacing malfunctioning circuitry with redundant circuitry |

| | |
|---|---|
| repairable integrated circuit device | an integrated circuit die component having redundant circuitry that can be used to replace malfunctioning circuitry |
| repairable electronic component | an electronic component having redundant circuitry that can be used to replace malfunctioning circuitry |

3.  Furthermore, during oral arguments at the *Markman* hearing, it became apparent that the term "reliability" may have been used differently in Defendant's patents than in Plaintiff's patents.  Counsel for Defendant argued that the term "reliability" in its patents refers, generally speaking, to the likelihood that a die found to have worked properly after *all* testing—*e.g.*, after both initial testing and subsequent testing—would continue to work properly.  However, Plaintiff's counsel argued that "reliability" in its patents refers, generally speaking, to the likelihood that a die found to have worked properly after *only* initial testing would continue to work properly.  Given that the parties have only briefed "reliability" as it is used in Plaintiff's patents and that it is possible for two separate patents to supply different meanings for the same term, it is further ORDERED that the parties file supplemental briefing relating to the claim construction of "reliability" as it is used in Defendant's patents **on or before February 2, 2011**.  The parties may file responses to the supplemental briefings **on or before February 9, 2011**.

   DONE this 25th day of January, 2011.

                                   /s/ Mark E. Fuller
                         CHIEF UNITED STATES DISTRICT JUDGE