UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AUBURN UNIVERSITY,<br>an Alabama Corporation,<br><br>       Plaintiff,<br><br>  v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORP., a New York<br>Corporation,<br><br>       Defendant. | Case No. 3:09-cv-00694 (MEF) |

**<u>AUBURN UNIVERSITY'S RESPONSE IN OPPOSITION TO
IBM'S RULE 12(c) MOTION</u>**

**I.      INTRODUCTION**

Auburn preserved the right through its Amended Complaint to establish indirect infringement upon receipt of missing discovery from IBM, and also for Auburn, including its expert, to rely on the Doctrine of Equivalents for its infringement claims.  IBM waited 14 months to move on Auburn's "pleadings."  IBM is responsible for any alleged prejudice it now complains of, on the eve of expert reporting due in only *four days*.  The Court should deny IBM's extraordinary request for dismissal with prejudice as to both indirect infringement and equivalents.

IBM argues that Auburn has not sufficiently pled indirect infringement.  Yet IBM has refused to produce highly relevant (and responsive) information concerning its relationship with Sony, which Auburn requires in order to fully make out its indirect infringement claims.  Auburn awaits the Court's decision on its Appeal of the Magistrate Judge's discovery order on this very issue, and IBM has largely failed to comply with Sony-related discovery requests both before and after issuance of the order currently under appeal.  The Court should not reward IBM's refusal to provide discovery relating to Sony.

IBM agrees, on the other hand, that Auburn has properly pled direct infringement, which can be established under the Doctrine of Equivalents.  Auburn was not legally required to separately plead infringement using equivalents.  Additionally, IBM has improperly asked this Court to grant relief in its Rule 12(c) motion based on evidence outside the pleadings, namely, Auburn's infringement contentions and IBM's responses thereto.  Pursuant to Rule 12(d), the Court must convert IBM's motion to a Rule 56 motion for summary judgment, and should permit Auburn a full opportunity to respond, should the Court decide to consider such documents outside the pleadings.

## II.     STATEMENT OF FACTS

Auburn filed this action on July 23, 2009, alleging that IBM performs semiconductor testing that infringes claims of the two Auburn patents-in-suit, and also setting forth state law claims for unjust enrichment and conversion.  (Doc. 1.)  IBM answered the allegations in Auburn's complaint on September 28, 2009.  (Doc. 29.)  IBM also filed concurrently with its answer a Rule 12(b)(6) motion to dismiss Auburn's state law claims.  (Docs. 30-31.)  IBM did not move to dismiss any of Auburn's infringement claims, instead referring to them as "***straightforward patent infringement counts*** under the federal patent laws."  (Doc. 31 at 1 (emphasis added).)

Following the Court's dismissal of the state law claims, Auburn filed its First Amended Complaint on June 17, 2010.  (Doc. 87.)  IBM answered the Amended Complaint on July 1, 2010, without moving to dismiss any of the counts contained therein, including those relating to infringement.  (Doc. 94.)

From the moment the discovery period began in this case, Auburn has sought documents regarding semiconductor chip testing by or on behalf of IBM that involves consideration of the number of faulty neighboring chips.  For example, Auburn's Request for Document No. 22, served on October 14, 2009, requested the production of documents "which refer or relate to any adaptive testing[1] of electronic components performed by or on behalf of IBM."  IBM continued to serve additional requests targeted at IBM's relationship with Sony.  For example, on November 19, 2010, Auburn served Request for Production No. 167, requesting "design documents, specifications and related documents, including communications, relating to … the sale or proposed sale of chips to Sony…."

---

[1] Auburn defined "adaptive testing" in its discovery requests to include "testing strategies based in part on the presence of and/or the number of defects … in neighboring components."

3

Unable to procure necessary Sony-related (and other) discovery from IBM, Auburn file a Motion to Compel Discovery on January 28, 2011. (Docs. 150-154.) Auburn subsequently appealed to this Court on March 8, 2011 (Docs. 170-173, 175), following the denial of its motion by the Magistrate Judge two weeks earlier. (Doc. 166.) During the pendency of the Appeal, Auburn has continued to seek Sony-related discovery through additional discovery requests. For example, Auburn served Request for Production No. 230 on March 21, 2011, requesting, among other things, various "statements of work" that IBM has failed to produce. At almost each turn, IBM has matched Auburn's requests for Sony-related discovery with a refusal to produce the same, particularly following the Magistrate Judge's ruling in February.[2]

IBM filed its current Motion under Rule 12(c) on August 5, 2011, more than one year after answering Auburn's Amended Complaint in July 2010. (Docs. 94, 212.) In the interim, IBM moved for more definite infringement contentions (interrogatory responses) from Auburn on October 1, 2010, including with respect to the Doctrine of Equivalents (Docs. 110-113). The Court denied IBM's motion on December 3, 2010, finding Auburn's infringement contentions "sufficient [to] place IBM on notice of its theories of infringement." (Doc. 139.) IBM has not subsequently sought or been granted any relief with respect to Auburn's infringement contentions, including the Doctrine of Equivalents.

### III.   LEGAL ARGUMENT

#### A.   *IBM's* Refusal to Produce Sony-Related Documents Has Prejudiced Auburn and its Ability to Provide More Specific Indirect Infringement Claims.

IBM has withheld relevant and responsive information from Auburn which is necessary to develop Auburn's indirect infringement claims. Auburn should not be punished, through a dismissal with prejudice of its indirect infringement claims, based on IBM's actions. The Court

---

[2] In addition to missing technical discovery, IBM has failed to produce *any* financial information relating to the accused Sony product, on the basis of IBM's unilateral contention that it "does not infringe."

should deny IBM's motion pending its compliance with Auburn's outstanding discovery requests, currently the subject of an appeal.  Alternatively, the Court should grant Auburn leave to file an amended complaint upon receipt of the missing discovery.

> **1.    Auburn Has Appealed to this Court to Require IBM to Produce Withheld Documents Necessary for Auburn to Advance Its Indirect Infringement Theories In This Case.**

Auburn properly pled indirect infringement in its June 2010 Amended Complaint based on available information.  (Doc. 87.)  Auburn has also issued numerous discovery requests aimed at discovering information necessary to develop its indirect infringement claims.  Because IBM refused to provide necessary discovery, Auburn was forced to file its Motion to Compel Discovery seeking Sony-related discovery on January 28, 2011.  (Docs. 150-154.)  Based on numerous errors of patent law and a misunderstanding of the facts, the Magistrate Judge denied Auburn's motion.  (Doc. 166.)  Auburn filed a timely Appeal on March 8, 2011 (Docs. 170-173, 175), currently pending, which specifically referred to indirect infringement implications by pointing out that "[t]he requested discovery is also relevant to determine whether IBM has actively induced Sony to infringe."  (Doc. 170, Brief at 16.)  Auburn also subsequently served new Sony-related requests, including for "statements of work," in response to which IBM has largely refused to provide responsive documents.

> **2.    The Court Should Permit Auburn to Amend Its Complaint to More Specifically Allege Sony-Related Indirect Infringement, If Determined to be Necessary, After IBM Has Provided the Missing Sony-Related Discovery.**

Auburn has made abundantly clear to IBM that it needs the missing discovery to set forth more specific allegations of indirect infringement concerning Sony.  For example, in its interrogatory-based infringement contentions provided to IBM on July 15, 2011, Auburn stated the following:

5

> "[D]iscovery in this case is still ongoing, and it is believed that IBM has failed to date to produce certain responsive information that is relevant to Auburn's contentions in this case. As such, Auburn's identification of asserted claims and infringement contentions to date reflect Auburn's contentions based on information reasonably available to it as of this date. … [W]ithout IBM's complete production of documents and Rule 30(b)(6) testimony requested from it, including that sought in the Appeal, Auburn is unable to provide supplemental infringement contentions at this time regarding IBM□s indirect infringement."

(Ex. A at 7.) Auburn thus reserved its right to provide a more detailed recitation of its indirect infringement claims, pending the outcome of its discovery Appeal and expected further discovery from IBM .[3]

Nevertheless, even if the Court believes that Auburn should have pled indirect infringement with more specificity, the Eleventh Circuit has explained that "a district court should give a [claimant] an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted." *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985);[4] Fed. R. Civ. P. 15(a)(2) (instructing that, prior to trial, after the time to amend as of right has passed, "[t]he court should freely give leave [to amend] when justice so requires"). As such, the proper remedy, if anything, would be leave for Auburn to file an amended complaint once IBM provides the requisite discovery, and not dismissal with prejudice.

---

[3] IBM's assertion that the Court and the parties had an "understanding" during the *Markman* process that Auburn's infringement claims were limited to direct, literal infringement is false. (Mot. at 4.) On the contrary, the parties were in the midst of discovery discussions based on Auburn's belief that IBM was withholding Sony-relating information "which is relevant to indirect infringement." (Doc. 150, Auburn Mot. to Comp. at 11.) Furthermore, IBM itself acknowledges that Auburn had previously reserved its right to assert infringement under the Doctrine of Equivalents.

[4] The court in *Friedlander* was faced with a Rule 12(b)(6) motion. However, Courts have routinely applied the same standards for a Rule 12(b)(6) dismiss for failure to state a claim as to a Rule 12(c) motion for judgment on the pleadings. *See, e.g., Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n. 8 (11th Cir. 2002).

## B.     Auburn Has Properly Pled Direct Infringement, Which Can Be Established Through Use of the Doctrine of Equivalents.

Auburn has pled that IBM directly infringes the Auburn patents-in-suit. IBM has never disputed the sufficiency of Auburn's direct infringement claims, instead referring to them as "straightforward patent infringement counts under the federal patent laws." (Doc. 31 at 1.) Nonetheless, *fourteen months* after Auburn filed its Amended Complaint, and before Auburn's expert has had an opportunity to opine on the issue of infringement, IBM asks this Court to introduce a Doctrine of Equivalents pleading requirement that has not heretofore been recognized by any controlling authority. IBM's request is without merit and should be denied in its entirety. Moreover, IBM's motion improperly seeks to rely on matters outside the pleadings. To the extent the Court decides to consider these external matters, it must convert IBM's motion into a summary judgment motion, and should grant Auburn a full opportunity to respond.

### 1.     The Court Should Deny IBM's Request for Creation of a *New* Requirement for Separate Pleading of the Doctrine of Equivalents.

Auburn has properly pled direct infringement, which can be established using the Doctrine of Equivalents. *Spansion, Inc. v. Int'l Trade Comm'n*, 629 F.3d 1331, 1349 (Fed. Cir. 2010) ("To prove direct infringement, [patentee] must establish by a preponderance of the evidence that 'one or more claims of the patent read on the accused device literally or under the doctrine of equivalents.'"). Contrary to IBM's suggestion, Auburn was not required to separately plead direct infringement under the Doctrine of Equivalents. IBM can cite to no controlling authority setting forth such a requirement. Despite searching on its own accord, Auburn also could find no controlling authority requiring the Doctrine of Equivalents to be pled separately from direct infringement in a complaint.

The holding in *Boss Control*, the ***only*** controlling authority on which IBM relies, merely held that the patentee waived the right to assert infringement under the Doctrine of Equivalents

7

on appeal because it "failed to present any arguments concerning the doctrine of equivalents to the district court." *Boss Control, Inc. v. Bombardier, Inc.*, 410 F.3d 1372, 1380 (Fed. Cir. 2005)). In particular, the Federal Circuit noted that the patentee "failed to address infringement under the doctrine of equivalents in its complaint ***or in its two briefs to the district court on the issue of summary judgment of noninfringement***." *Id.* (emphasis added). Here, IBM has not moved for summary judgment of noninfringement, and Auburn has not failed to raise the Doctrine of Equivalents in response to any such filing.

The principal case relied on by IBM, *Automated Transaction*, similarly does not mandate that claims of infringement under the Doctrine of Equivalents must be pled in all complaints. In this non-binding district court decision, the court found that it was unclear from patentee's complaint "whether [it] alleges both literal infringement and/or infringement by the doctrine of equivalents." *Automated Transaction Corp. v. Bill Me Later, Inc.*, No. 09-61903-CIV, 2010 WL 1882264, at *2 (S.D. Fla. May 11, 2010). However, in addressing the issue of whether a complaint must separately allege infringement under the Doctrine of Equivalents, the court explained that it "has researched whether a claim for patent infringement by doctrine of [] equivalents must be plead in the Complaint on an alternative basis to literal infringement," but "could not find a United States Circuit Court of Appeals for the Federal Circuit opinion directly answering this question." *Id*. The court thus stated that it "cannot conclude that it is a requirement in every case" to plead infringement under the Doctrine of Equivalents in a complaint.[5] *Id*. Nonetheless, the court instructed the patentee to amend its complaint to

---

[5] Other courts facing this issue have likewise declined to require the Doctrine of Equivalents to be expressly pled. *U.S. Gypsum Co. v. LaFarge N. Am., Inc.*, 508 F. Supp. 2d 601, 618-20 (N.D. Ill. 2007) (denying dismissal of plaintiff's Doctrine of Equivalents claims asserted for the first time at summary judgment and stating "[a] plaintiff is not required to expressly refer to the doctrine of equivalents in a complaint, alleging infringement and citing § 271 is sufficient."); *Liquid Dynamics Corp. v. Vaughan Co.*, No. 01 C 6934, 2002 WL 1769979, at *8 (N.D. Ill. Aug. 1, 2002) (rejecting accused infringer's argument that the patentee failed to allege doctrine of equivalents in its complaint because a "patent infringement claim encompasses two different theories of

specifically add a claim for infringement under the Doctrine of Equivalents in order to provide the accuse infringer with requisite "notice of what [it] must defend." *Id*. Thus, even the court in *Automated Transaction*, on which IBM primarily relies for (non-binding) precedent, did not take the drastic step of preventing the patentee from relying on the Doctrine of Equivalents, as IBM asks this Court to do.

Consistent with the Court's Amended Scheduling Order. (Doc. 207), Auburn's infringement expert will be providing his expert report on the issue of infringement on August 26, 2011. To the extent Auburn's expert intends to rely on the Doctrine of Equivalents in any of his opinions, Auburn fully expects that his report to be served this week will properly explain any reliance on the Doctrine to establish infringement. To the extent IBM believes that any opinions stated in the forthcoming expert report are not properly supported, including any opinions contained therein relating to the Doctrine of Equivalents, IBM will have ample opportunity before trial to ask this Court to strike portions of the expert report that IBM contends are not properly supported.

### 2. Alternatively, IBM's Rule 12(c) Motion, Which Presents Matters Outside the Pleadings, Should Be Converted to a Summary Judgment Motion and Auburn Should Be Given Full Opportunity to Respond.

IBM's motion is not limited to matters presented inside the pleadings, as required under Rule 12(c). Rather, unable to provide any controlling authority requiring Auburn's "pleadings" to separately allege infringement under the Doctrine of Equivalents, IBM focuses its Motion on alleged insufficiencies in Auburn's **infringement contentions**, which are most definitely not part

---

infringement: literal infringement and infringement under the doctrine of equivalents"), *vacated and remanded on other grounds,* 355 F.3d 1361 (Fed. Cir. 2004); *Revlon Consumer Prods. Corp. v. Estee Lauder Cos.*, No. 00 Civ. 5960 RMB AJP, 2003 WL 21751833, at *32 (S.D.N.Y. July 30, 2003) ("[T]he nature of the infringement—whether literal or under the doctrine of equivalents—need not be pleaded, obviating the need for an amendment to add the theory." (citing predecessor to Form 18)). While these decisions issued prior to *Twombly* and *Iqbal*, nothing in those cases would command a different result. *See generally Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

of the pleadings. *See* Fed. R. Civ. P. 7. Of course, IBM could have moved to compel more specific infringement contentions if it believed they were deficient, as it has done in the past to no avail.[6] Instead, IBM attempts to have it both ways by filing a Rule 12(c) motion "on the pleadings" and yet asking this Court to substantively examine materials decidedly outside the pleadings. This tension in IBM's approach is inevitable given that Rule 12(c) motions are intended to address the substantive merits of a party's claims, such as Auburn's direct infringement claim, which IBM is unable to do on the pleadings alone. 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367, at 205-206 (3d. ed. 2004) ("Rule 12(c) judgment on the pleadings procedure primarily is addressed to the ... function of disposing of cases on the basis of the underlying substantive merits of the parties' claims and defenses as they are revealed in the formal pleadings.").

Not only has IBM reached outside the pleadings to Auburn's infringement contentions, but it has also relied on the substance of its own responses. For example, IBM proclaims that it "has provided Auburn with detailed non-infringement contentions in response to Auburn's discovery requests explaining why IBM contends it does not infringe." (Mot. at 14.) In reality, IBM has not provided *any* response whatsoever to Auburn's three most recent and detailed versions of its infringement contentions. Furthermore, in responding to Auburn's earlier contentions, which were provided closer to the beginning of discovery, IBM has in large part simply parroted back the claim language in denying that the claim elements are met, without addressing the substance of Auburn's evidence of infringement or otherwise providing Auburn with notice of how the allegedly infringing activities fail to meet the claim limitations. IBM's

---

[6] As indicated above, the Court previously denied IBM's motion for more definite infringement contentions. (Doc. 139.) Since then, Auburn has provided *even more detailed* infringement contentions to IBM.

blatant misuse of its responses to Auburn's infringement contentions further demonstrates the impropriety of IBM seeking to rely on evidence "outside the pleadings" in a Rule 12(c) motion.

To the extent that the Court does not outright deny IBM's motion as failing on the pleadings, and instead opts to consider the external materials relied on by IBM, the Court must convert IBM's Rule 12(c) motion into a Rule 56 motion for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). In such case, Auburn must be afforded the opportunity to fully respond. *Id*. ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); *see also U.S. Gypsum Co.*, 508 F. Supp. 2d at 618-20 (denying dismissal of plaintiff's Doctrine of Equivalents claims asserted for the first time at summary judgment).

Furthermore, notwithstanding IBM's suggestion to the contrary in footnote 5 (page 9) of its Motion, IBM's reliance on matters outside the pleadings does not fall within any exception to the requirement of Rule 12(d) that IBM's Motion be converted into a Rule 56 motion. IBM has not addressed how its responses to infringement contentions fall within any exception. In addition, with respect to Auburn's infringement contentions, Auburn presumes that IBM does not admit infringement and thus challenges the veracity of Auburn's contentions. As such, IBM is wrong as a matter of law in stating that Auburn's infringement contentions constitute a document whose "authenticity is not challenged," such that it might be relied upon without triggering Rule 12(d).[7]

---

[7] Cases that address whether the "authenticity" of an attached document is in dispute confirm that Auburn's infringement contentions (and IBM's responses) do not fall within the exception to Rule 12(d). These cases draw a clear distinction between documents that are purely **factual** in nature, and documents such as responses to interrogatories (such as Auburn's infringement contentions) which contain a party's **legal** contentions. *See, e.g.,*

11

## IV. <u>CONCLUSION</u>

For all the foregoing reasons, the Court should dismiss IBM's Motion in its entirety. In the alternative, the Court should provide Auburn an opportunity to amend its complaint, and/or respond fully to a converted motion for summary judgment under Rule 56.

---

*Day v. Taylor*, 400 F.3d 1272 (11th Cir. 2005) (finding the contents of a form contract used by a dealership not in dispute and therefore authenticity not in dispute); *Wilkins, Jr. v. Global Credit & Collection Corp.*, No. 4:10-CV-00318, 2011 WL 833999 (N.D. Fla. Mar. 4, 2011) (declining to consider defendant's exhibit document showing prior "case search" results of plaintiff's past disputes); *Luke v. Residential Elevators, Inc.*, No. 4:10-cv-00524-SPM-WCS, 2011 WL 311370 (N.D. Fla. Jan. 28, 2011) (considering defendant's exhibits of Florida Commission on Human Relations documents because they were public records of an administrative agency); *Volk v. Zeanah*, No. No. 608-CV-094, 2010 WL 318261 (S.D. Ga. Jan. 25, 2010) (declining to consider "new factual allegations [that] were first presented in an affidavit" attached to a 12(c) motion response); *cf. Schnebelen v. Porter*, No. 1:07-CV-125 TC, 2010 WL 3791622 (D. Utah Sep. 21, 2010) (converting to summary judgment where the parties' responses were supported by "sworn affidavits and answers to interrogatories"); *Krumlauf v. Benedictine Univ.*, No. 09 C 7641, 2010 WL 3075745 (N.D. Ill. Aug. 4, 2010) (converting to summary judgment where defendant attached a tolling agreement, plaintiffs' Answers to Interrogatories, and an email between the parties' counsel).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  August 22, 2011 | s/ G. Lane Knight |

**BALCH & BINGHAM LLP**
David R. Boyd (BOYD0717) dboyd@balch.com
G. Lane Knight (KN1028) lknight@balch.com
105 Tallapoosa St., Suite 200, P.O. Box 78
Montgomery, AL 36101-0078
Telephone:  (334) 834-6500
Facsimile:  (334) 269-3115

**FISH & RICHARDSON P.C.**
Jonathan E. Singer (MN 0283459) singer@fr.com
Michael J. Kane (MN 247625) kane@fr.com
Ann N. Cathcart Chaplin (MN 284865)
cathcartchaplin@fr.com
John C. Adkisson (MN 266358) adkisson@fr.com
William R. Woodford (MN 322595)
woodford@fr.com
3200 RBC Plaza, 60 South Sixth Street
Minneapolis, MN  55402
Telephone:  (612) 335-5070
Facsimile:  (612) 288-9696

Juanita Brooks (CA 75934) brooks@fr.com
12390 El Camino Real
San Diego, CA 92130
Telephone:  (858) 678-5070
Facsimile:  (858) 678-5099

Lawrence K. Kolodney (MA 556851)
(kolodney@fr.com)
One Marina Park Drive
Boston, MA 02210-1878
Telephone:  (617) 542-5070
Facsimile:  (617) 542-8906

George L. Kanabe (GA 103906) kanabe@fr.com
1180 Peachtree Street N.E.
Atlanta, Georgia 30309-3513
Telephone:  (404) 892-5005
Facsimile:  (202) 892-5002

**ATTORNEYS FOR PLAINTIFF
AUBURN UNIVERSITY**

13

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of August, 2011, I electronically filed the foregoing with the Clerk of the Court, who will send notice of said filing to all registered parties.

s/ G. Lane Knight
OF COUNSEL
