# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **AUBURN UNIVERSITY,**<br>an Alabama Corporation<br><br>    Plaintiff,<br><br>v.<br><br>**INTERNATIONAL BUSINESS**<br>**MACHINES CORP.,**<br>a New York Corporation<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  **CIVIL ACTION NO. 3:09cv694 (WHA)**<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AUBURN UNIVERSITY'S SUPPLEMENTAL RESPONSES TO**
**IBM CORPORATION'S INTERROGATORIES NOS. 1 & 2**

Pursuant to Fed. R. Civ. P. 26 and 33, Plaintiff Auburn University ("Auburn") hereby supplements its responses to Defendant International Business Machines Corp.'s ("Defendant") Interrogatories Nos. 1 and 2 as follows:

**GENERAL OBJECTIONS**

1. Auburn objects to Defendant's interrogatories, definitions, and instructions to the extent that they seek discovery beyond what is required to be produced under, or are inconsistent with, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules for the Middle District of Alabama, and/or any agreement of the parties. Auburn will respond to the interrogatories only to the extent required by the Federal and Local Rules.

2. Auburn objects to Defendant's interrogatories, definitions and instructions to the extent that they require the disclosure of information not in Auburn's possession, custody, or control, including by defining "Auburn" as including "all parents, subsidiaries, and affiliates thereof, all divisions, … all trustees, officers, employees," etc. These responses are based solely on information within Auburn's possession, custody or control. Auburn will not produce

documents or provide information of persons or entities that are outside Auburn's custody, possession or control.

      3.      Auburn objects to Defendant's interrogatories, definitions and instructions to the extent that they call for a legal opinion or conclusion.

      4.      Auburn objects to the interrogatories, definitions and instructions to the extent they seek information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

      5.      Auburn objects to the interrogatories as unduly burdensome and improper under the Local and Federal Rules to the extent they encompass numerous separate, discrete subparts within a single interrogatory.

      6.      Auburn objects to Defendant's interrogatories, definitions and instructions to the extent that they seek publicly available information or information that is equally or readily accessible to Defendant or already within the possession, custody or control of defendant.

      7.      Auburn objects to the references in Defendant's interrogatories to "all" information or documents regarding a particular topic as unduly burdensome. Auburn will make reasonable efforts, consistent with the Federal Rules of Civil Procedure, to provide relevant, non-privileged information responsive to the requests.

The foregoing general objections are applicable to and included in Auburn's specific objections to each and every one of the discovery requests, to the extent applicable, whether or not specifically raised below.

## RESERVATIONS OF RIGHTS

Investigation and discovery is ongoing in this case. Auburn responds to the discovery requests without prejudice to Auburn's right to amend or supplement its responses. Auburn also

reserves the right to produce or use any information or documents that are discovered after service of this response in support of or in opposition to any motion, in depositions, or at trial. In responding to the requests, Auburn does not waive any objections on the grounds of privilege, relevance, authenticity, or admissibility of the information contained in these responses. Auburn expressly reserves the right to object to the use of any of these responses or the subject matter contained in them during any subsequent proceeding, including the trial of this or any other action.

## SPECIFIC OBJECTIONS AND RESPONSES
## TO DEFENDANT'S INTERROGATORIES

INTERROGATORY NO. 1:

For each claim of the '366 patent and '306 patent that Auburn contends IBM has infringed ("Asserted Claim"), provide Auburn's contentions regarding IBM's alleged infringement, including an identification of each IBM process, method or product that Auburn contends infringes each such Asserted Claim, and a claim chart comparing each element of each Asserted Claim to each such IBM process, method or product and explaining whether and how each claim element is present either literally or under the doctrine of equivalents.

FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:

Auburn repeats and incorporates by reference all of its General Objections set forth above and Specific Objections set forth in previous responses to this interrogatory. In particular, and without limitation, Auburn continues to object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Auburn also continues to object to this interrogatory to the extent it comprises an improper or premature attempt to conduct discovery of expert opinion.

Subject to and without waiving any of its General or Specific Objections, Auburn further responds that Auburn contends that IBM directly and literally infringes Claims 1, 8, 10-15, and 17-20 of U.S. Patent No. 7,194,366 ("the '366 patent") by performing certain test methods with respect to the Power5+ (GS), Power6, Power7, Z6 (EP), Z6 (ES), Z7 (CP), and Z7 (SC) products (collectively, "the P/Z products"). The claim chart attached as Exhibit A compares each limitation of Claims 1, 8, 10-15, and 17-20 of the '366 patent to certain test methods performed by IBM with respect to the P/Z products. Auburn further contends that IBM directly and literally infringes Claims 1, 8, 10-15, and 17-20 of the '366 patent by performing certain test methods with respect to the Trimaran and Corona products. The claim chart attached as Exhibit B compares each limitation of Claims 1, 8, 10-15, and 17-20 of the '366 patent to certain test methods performed by IBM with respect to the Trimaran and Corona products. Auburn further contends that IBM directly and literally infringes Claims 1, 2, 6, 7, 14, and 16 of U.S. Patent No. 7,409,306 ("the '306 patent") by performing certain test methods with respect to the Dreadnaught and DDP2230 products. The claim chart attached as Exhibit C compares each limitation of Claims 1, 2, 6, 7, 14, and 16 of the '306 patent to certain test methods performed by IBM with respect to the Dreadnaught and DDP2330 products. Auburn specifically reserves the right to also assert indirect infringement, or infringement under the doctrine of equivalents, should IBM contend that it does not directly or literally perform one or more limitations of the asserted claims and/or based on further case investigation and discovery.

Auburn's infringement contentions are made subject to the claim constructions set forth in the Court's Claim Construction Order of April 22, 2011. (*See* Dkt. No. 193.) However, Auburn specifically reserves the right to seek reconsideration, appeal, or otherwise challenge the Court's Claim Construction Order.

4

Additionally, the current deadline for service of initial expert reports is August 26, 2011. Auburn specifically reserves the right to modify or supplement the foregoing contentions based on the findings and conclusions set forth in its expert's forthcoming expert report(s).

Discovery in this case is still ongoing, and it is believed that IBM has failed to date to produce certain responsive information that is relevant to Auburn's contentions in this case. As such, Auburn's identification of asserted claims and infringement contentions to date reflect Auburn's contentions based on information reasonably available to it as of this date. In this regard, for example, the Court has not yet ruled on Auburn's Appeal of the Magistrate Judge's Order. (*See* Dkt. No. 172.) However, as set forth in the Appeal (and related filings by Auburn), IBM has withheld various categories of documents that are relevant to Auburn's contentions, including (but not limited to) documents from the 2003-2007 time period, as well as documents relating to negotiations between IBM and its customers regarding quality and reliability standards for the accused products. Moreover, without IBM's complete production of documents and Rule 30(b)(6) testimony requested from it, including that sought in the Appeal, Auburn is unable to provide supplemental infringement contentions at this time regarding IBM's use, sale, or offer for sale of the accused methods and Cell 11S and 12S products with respect to Sony. Auburn therefore hereby refers IBM to, and incorporates by reference as if stated fully herein, Auburn's previous responses to this interrogatory as well as Auburn's briefing in connection with IBM's denied Motion relating to Auburn's prior infringement contentions (Dkt. No. 110), including attachments to the foregoing, for Auburn's present infringement contentions relating to Sony. Auburn specifically reserves the right to provide supplemental infringement contentions regarding IBM's use, sale, or offer for sale of the accused methods and Cell 11S and

12S products with respect to Sony once IBM provides a full and complete production regarding the same to Auburn.

Auburn specifically reserves the right to amend, supplement and/or narrow its answer to this interrogatory, including by identifying different and/or additional asserted claims of the patents-in-suit, following receipt and review of additional non-public documentation from IBM and/or third parties, as well as following the service of an expert report on infringement, or should future investigation indicate that amendment, supplementation and/or narrowing is necessary.

INTERROGATORY NO. 2:

If Auburn contends that IBM infringed any Asserted Claim indirectly (i.e., by either contributory infringement or by inducing infringement) state the factual basis for that contention, including by identifying each act performed by IBM that Auburn contends induced or contributed to direct infringement, the direct infringement allegedly induced or contributed to by each such act, each person committing the direct infringement, and each person who allegedly induced or contributed to the direct infringement.

FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:

Auburn repeats and incorporates by reference all of its General Objections set forth above and Specific Objections set forth in previous responses to this interrogatory. In particular, and without limitation, Auburn continues to object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Auburn also continues to object to this interrogatory to the extent it comprises an improper or premature attempt to conduct discovery of expert opinion.

6

Subject to and without waiving any of its General or Specific Objections, Auburn further responds that discovery in this case is still ongoing, and it is believed that IBM has failed to date to produce certain responsive information that is relevant to Auburn's contentions in this case. As such, Auburn's identification of asserted claims and infringement contentions to date reflect Auburn's contentions based on information reasonably available to it as of this date.  In this regard, for example, the Court has not yet ruled on Auburn's Appeal of the Magistrate Judge's Order.  (*See* Dkt. No. 172.)  However, as set forth in the Appeal (and related filings by Auburn), IBM has withheld various categories of documents that are relevant to Auburn's contentions, including (but not limited to) documents from the 2003-2007 time period, as well as documents relating to negotiations between IBM and its customers regarding quality and reliability standards for the accused products.  Moreover, without IBM's complete production of documents and Rule 30(b)(6) testimony requested from it, including that sought in the Appeal, Auburn is unable to provide supplemental infringement contentions at this time regarding IBM's indirect infringement.  Auburn specifically reserves the right to also assert indirect infringement should IBM contend that it does not directly perform one or more of the asserted claims and/or based on further case investigation and discovery.

Auburn specifically reserves the right to amend, supplement and/or narrow its answer to this interrogatory, including by identifying different and/or additional asserted claims of the patents-in-suit, following receipt and review of additional non-public documentation from IBM and/or third parties, as well as following the service of an expert report on infringement, or should future investigation indicate that amendment, supplementation and/or narrowing is necessary.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  July 15, 2011 | /s/ George L. Kanabe |

**BALCH & BINGHAM LLP**
David R. Boyd (BOYD0717) dboyd@balch.com
G. Lane Knight (KN1028) lknight@balch.com
105 Tallapoosa St., Suite 200, P.O. Box 78
Montgomery, AL 36101-0078
Telephone:  (334) 834-6500
Facsimile:  (334) 269-3115

**FISH & RICHARDSON P.C.**
Jonathan E. Singer (MN 0283459) singer@fr.com
Michael J. Kane (MN 247625) kane@fr.com
Ann N. Cathcart Chaplin (MN 284865)
cathcartchaplin@fr.com
John C. Adkisson (MN 266358) adkisson@fr.com
William R. Woodford (MN 322595)
woodford@fr.com
3200 RBC Plaza, 60 South Sixth Street
Minneapolis, MN  55402
Telephone:  (612) 335-5070
Facsimile:  (612) 288-9696

Juanita Brooks (CA 75934) brooks@fr.com
12390 El Camino Real
San Diego, CA 92130
Telephone:  (858) 678-5070
Facsimile:  (858) 678-5099

Lawrence K. Kolodney (MA 556851)
(kolodney@fr.com)
225 Franklin Street
Boston, MA 02110-2804
Telephone:  (617) 542-5070
Facsimile:  (617) 542-8906

George L. Kanabe (GA 103906) kanabe@fr.com
1180 Peachtree Street N.E.
Atlanta, Georgia 30309-3513
Telephone:  (404) 892-5005)
Facsimile:  (202) 892-5002

**ATTORNEYS FOR PLAINTIFF
AUBURN UNIVERSITY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2011, a true and accurate copy of the foregoing AUBURN UNIVERSITY'S SUPPLEMENTAL RESPONSES TO IBM CORPORATION'S INTERROGATORIES NOS. 1 & 2 was served via email to the following distribution list:


John A. Marlott - jamarlott@jonesday.com
Brent P. Ray - bpray@jonesday.com
Ryan M. Hubbard  - rmhubbard@jonesday.com
James O'Shea - joshea@jonesday.com
Robert C. Brock - mbrock@cov.com
F. Chadwick Morriss - cmorriss@cov.com
Leozino Agozzino - lagozzino@jonesday.com
Kenneth R. Adamo - kradamo@kirkland.com


                                                              /s/ George L. Kanabe
                                                             ATTORNEY FOR AUBURN UNIVERSITY


60714541.doc