UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AUBURN UNIVERSITY,<br>an Alabama Corporation,<br><br>          Plaintiff,<br><br>   v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORP., a New York<br>Corporation,<br><br>          Defendant. | Case No. 3:09-cv-00694 (MEF) |

## AUBURN UNIVERSITY'S OPPOSITION TO MOTION TO COMPEL

IBM bases its extraordinary request for *three full days* of deposition with Dr. Ferguson, one of Auburn's experts, entirely on an alleged "agreement" between the parties that never existed. The very language IBM now relies on from the parties' Rule 26(f) report – that expert witnesses may be deposed for up to 7 hours "per topic" per expert report – was added by IBM at the last minute to a previously agreed-upon section of the report, without Auburn's knowledge or informed consent. IBM should be penalized, not rewarded, for its blatant attempt to game Auburn and this Court by relying on language it added into a joint report without proper notice.

## I. AUBURN AGREED TO SEVEN DEPOSITION HOURS "PER EXPERT REPORT," *NOT* "PER TOPIC PER EXPERT REPORT"

Auburn provided an initial draft Rule 26(f) report to IBM on October 16, 2009. (Ex. A.) In providing this draft, Auburn stated that it has "worked up [its] half of the report" and has "filled in [its] position on all of the other issues" other than relating to mediation, and requested that IBM "fill in your sections." (*Id*.) With respect to depositions, Auburn proposed the following language in Section 3(f): "The parties agree that depositions will be limited to 7 hours,

1

except for 30(b)(6) depositions." (*Id*.)  Auburn's proposal thus capped expert depositions at seven hours per expert.

On the eve of the October 20 filing deadline set by the Court's Scheduling Order (Doc. 34), IBM significantly modified the draft Rule 26(f) report, including adding the following language to Section 3(f): "The parties agree that expert witnesses may be deposed for up to 7 hours per expert report."  (Ex. B.)  Thus, IBM's counter-proposal concerning deposition limits, which IBM provided to Auburn in redline form, would allow up to fourteen hours of expert deposition – double the time proposed by Auburn – in the event that an expert served both initial and responsive expert reports under the Court's Scheduling Order.  In the spirit of compromise, Auburn accepted IBM's counter-proposal in the draft report that Auburn sent back to IBM on October 20, thereby putting an end to the parties' negotiations on Section 3(f) and the limits to be placed on expert depositions.  (Ex. C.)

At 3:56 p.m. on the deadline for the parties' Rule 26(f) report, IBM provided yet another revised draft to Auburn.  (Ex. D.)  However, unlike the prior revised version which IBM provided in redline format, IBM sent Auburn only a clean document that failed to highlight the modifications IBM was proposing at that late hour.  Based on the parties' negotiation history leading up to that version, Auburn suspected, and subsequently confirmed, that IBM was making modifications to its ***own portion*** of a ***disputed*** section of the draft report.  Indeed, IBM added the following language to its portion of the disputed Section 3(b) concerning the "Need For A Claim Construction Process/Hearing," which already contained separate, respective portions for "Auburn's Position" and "IBM's Position":

> IBM's analysis of the claim language … is ongoing, but among other terms and phrases recited in the claims, IBM currently expects that the Court will need to determine as a matter of the law the meaning of at least the following:  ….  The fundamental need for the Court's determination of the scope and meaning of the Auburn patent claims is

> further confirmed by Auburn's stated position that it defines relevant discovery as
> including the development or use of "adaptive testing" by IBM, since the phrase
> "adaptive testing" is not defined in … either of the Auburn patents. (Ex. D.)

Unbeknownst to Auburn, it was at this time that IBM added the words "per topic" to the previously ***agreed-upon*** Section 3(f) of the report relating to expert deposition limits. (*Id.*) IBM introduced this two-word addition in the middle (page 6) of the 12-page document, which it provided to Auburn only an hour before the close of business on the filing deadline set by the Court. IBM never provided a redline highlighting this addition to Auburn. IBM never discussed the addition with Auburn, or let Auburn know that it was backing out of the parties' prior agreement relating to expert deposition limits. IBM never described what it believed to be the meaning of "per topic." In summary, IBM did not provide any specific notice whatsoever to Auburn that it was planning to add, or did add, the words "per topic" to the previously agreed-upon language in Section 3(f) of the Rule 26(f) report prior to IBM filing it with the Court. Indeed, Auburn was unaware of IBM's last minute addition for almost two years, until the parties recently entered into discussions regarding deposition scheduling and IBM, for the first time, indicated that it planned to seek more than one deposition day based on Dr. Ferguson's single, initial expert report.

During the parties' October 15, 2011 meet and confer, Auburn explained the facts surrounding the Rule 26(f) filing to IBM's counsel, and confirmed that it was not aware, and did not approve, of IBM's addition of "per topic" to the Rule 26(f) report. IBM's counsel offered no excuse for IBM's behavior in adding the language at the last minute. Based on that conversation, Auburn expected that IBM would own up to the ill-advised manner in which it handled itself in 2009. Instead, in a footnote on page 2 of its current motion, IBM now suggests, based on correspondence between counsel on the day of the filing, that Auburn was in fact aware of IBM's last-minute addition. However, a reading of such correspondence in light of the

aforementioned facts makes clear that the perceived mistake that Auburn's counsel was responding to was the inadvertent failure to include "IBM's most recent edits," which Auburn understood to relate to IBM's modifications to its own portion of the disputed section relating to the need for a claim construction hearing.  (Ex. E.)  Nothing in the record suggests that Auburn knew of IBM's last-minute addition of "per topic" in the previously agreed-upon Section 3(f).  Auburn simply did not have such knowledge, nor would it have had reason to.

II.    **THE PHRASE "PER TOPIC PER EXPERT REPORT" IS  AMBIGUOUS AND SHOULD THEREFORE BE CONSTRUED IN FAVOR OF AUBURN**

Putting aside the improper nature of IBM's unilateral addition of "per topic," the meaning of the phrase "per topic per expert report" that IBM seeks to rely on in its motion is ambiguous.[1] Moreover, Auburn is unable to ascertain IBM's intention as to the meaning of this phrase, given that IBM did not discuss this language with Auburn before its addition.  The Court should construe this language to permit a single, seven-hour day of deposition for each expert report served in this case.

The Court should adopt Auburn's interpretation of "per topic per expert report" and deny IBM's request for two full days of deposition of Dr. Ferguson on his single, initial expert report for at least two reasons.  First, the ambiguous language in the parties' Rule 26(f) agreement was drafted and inserted by IBM, and "it is a familiar rule of contract construction that 'any ambiguity must be construed against the drafter of the contract.'"  *Ex parte Palm Harbor Homes, Inc.*, 798 So. 2d 656, 661-62 (Ala. 2001) (citations omitted).

---

[1] IBM does not contest the fact that "per topic per expert report" is ambiguous.  During the recent meet and confer, IBM's counsel was not able to define the meaning of this phrase despite repeated requests.  Instead, IBM's counsel skirted the question, and stated in conclusory fashion that "infringement" and "inventorship" are two "topics" under the Rule 26(f) report, but was unable to offer any rationale as to how IBM arrived at that determination, while simultaneously concluding that none of its experts contain opinions on multiple "topics."

Second, acceptance of IBM's open-ended interpretation of "per topic" will result in further confusion and potentially necessitate motion practice regarding its application to other expert reports.  In an attempt to demonstrate to IBM the slippery slope that its expressed position entails, Auburn pointed out during the recent meet and confer that the initial report of IBM's expert on the issue of patent validity, Mr. Daasch, arguably contains a multitude of "topics" that could each warrant a separate, seven-hour deposition under IBM's open-ended interpretation, such as: (1) expert qualifications (education, experience); (2) prior relationship with IBM (potential bias); (3) understanding of applicable legal standards; (4) understanding of claim construction order; (5) materials considered; (6) status of references as alleged prior art; (7) alleged anticipation of '366 patent claims; (8) alleged anticipation of '306 patent claims; and (9) alleged obviousness of '306 patent claims (including level of ordinary skill in the art and secondary considerations relating to alleged obviousness).  Based on the foregoing, Auburn asked IBM directly: "Are you willing to produce Mr. Daasch for more than one day of deposition?"  Despite its inability to offer any specific logic or argument, IBM said it is not willing.

As set forth below, Auburn's interpretation of Section 3(f) already results in a large number of depositions that is the same or more than the number generally permitted in single-plaintiff, single-defendant patent actions.  The Court should reject both IBM's interpretation and its request for an extra day of deposition with Dr. Ferguson, in favor of Auburn's interpretation.

## III.    TWO DEPOSITION DAYS WITH DR. FERGUSON IS MORE THAN SUFFICIENT, AND MORE THAN THE FEDERAL RULES CONTEMPLATE

The presumption in patent litigation is that experts, like all deponents, will be deposed only once.  *See* Fed. R. Civ. P. 30(a)(2)((ii) ("A party must obtain leave of court … if the parties have not stipulated to the deposition and … the deponent has already been deposed in the

case….")  During negotiation of the Rule 26(f) report in this case, Auburn agreed to ***IBM's request*** to allow one expert deposition "per expert report."  Thus, assuming Dr. Ferguson provides a responsive expert report on September 23, 2011, as currently planned, he will be subject to two days of deposition based on his service of two expert reports in this case.  Not content with the doubling of normal deposition time, IBM now wants to triple the customary amount of deposition time with respect to Mr. Ferguson, but none of its own experts.[2]

IBM simply doesn't need to depose Mr. Ferguson (or any expert for that matter) for three full days.  IBM's position is contrary to what is customary under the Federal Rules, what is customary in patent litigation, and to what IBM itself originally proposed.  Even assuming that each expert will be deposed once per expert report, under the Court's Scheduling Order, the parties are faced with scheduling ***eight expert depositions*** within a two to three week period.  Thus, even if the Court were inclined to consider IBM's request, it should delay doing so until after IBM has conducted a single deposition of Dr. Ferguson on his initial report, and can prove a real and substantial need for an additional deposition.  *See, e.g., Malec v. Trs. of Boston College*, 208 F.R.D. 23, 24 (D. Mass. 2002) (not granting motion seeking additional deposition time in advance of deposition as "better practice is for the deposition to go forward to determine how much is able to be covered in the seven hours").

## IV.    CONCLUSION

For all the foregoing reasons, IBM's motion to compel the production of Dr. Ferguson for two days of deposition on a single, initial expert report should be denied.

---

[2] IBM cites to the length of Dr. Ferguson's initial expert report as being "over 80 pages long," apparently as justification for needing two deposition days.  Yet, the initial expert report of Mr. Daasch, whom IBM only intends to produce for one day of deposition, is 106 pages.

Respectfully submitted,

Dated:  September 23, 2011          /s/ G. Lane Knight
                                   **BALCH & BINGHAM LLP**
                                   David R. Boyd (BOYD0717) dboyd@balch.com
                                   G. Lane Knight (KN1028) lknight@balch.com
                                   105 Tallapoosa St., Suite 200, P.O. Box 78
                                   Montgomery, AL 36101-0078
                                   Telephone:  (334) 834-6500
                                   Facsimile:  (334) 269-3115

                                   **FISH & RICHARDSON P.C.**
                                   Jonathan E. Singer (MN 0283459) singer@fr.com
                                   Michael J. Kane (MN 247625) kane@fr.com
                                   Ann N. Cathcart Chaplin (MN 284865)
                                   cathcartchaplin@fr.com
                                   John C. Adkisson (MN 266358) adkisson@fr.com
                                   William R. Woodford (MN 322595)
                                   woodford@fr.com
                                   3200 RBC Plaza, 60 South Sixth Street
                                   Minneapolis, MN  55402
                                   Telephone:  (612) 335-5070
                                   Facsimile:  (612) 288-9696

                                   Juanita Brooks (CA 75934) brooks@fr.com
                                   12390 El Camino Real
                                   San Diego, CA 92130
                                   Telephone:  (858) 678-5070
                                   Facsimile:  (858) 678-5099

                                   Lawrence K. Kolodney (MA 556851)
                                   (kolodney@fr.com)
                                   One Marina Park Drive
                                   Boston, MA 02210-1878
                                   Telephone:  (617) 542-5070
                                   Facsimile:  (617) 542-8906

                                   George L. Kanabe (GA 103906) kanabe@fr.com
                                   1180 Peachtree Street N.E.
                                   Atlanta, Georgia 30309-3513
                                   Telephone:  (404) 892-5005)
                                   Facsimile:  (202) 892-5002

                                   **ATTORNEYS FOR PLAINTIFF**
                                   **AUBURN UNIVERSITY**

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of September, 2011, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that notice of said filing will be sent to all registered parties.

Frank Chadwick Morriss
Covington & Burling LLP
Interstate Park Center
2000 Interstate Park Drive
Suite 302
Montgomery, AL  36109

John A. Marlott
Brent P. Ray
Ryan M. Hubbard
Jones Day
77 West Wacker Drive
Chicago, IL  60601

Kenneth R. Adamo
Kirkland & Ellis LLP
300 N. LaSalle Drive
Chicago, IL  60654

Robert C. Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC  20004

Leozingo Agozzino
Jones Day
901 Lakeside Avenue
Cleveland, OH  04114

s/ G. Lane Knight
One of the Attorneys for Plaintiff Auburn University
