# EXHIBIT C

| | |
|---|---|
| **From:** | Michael Kane |
| **Sent:** | Tuesday, October 20, 2009 3:11 PM |
| **To:** | jamarlott@jonesday.com |
| **Cc:** | John Adkisson; bpray@jonesday.com; cmorriss@cov.com; Knight, Lane; Jonathan Singer |
| **Subject:** | RE: Auburn/IBM: Draft Rule 26(f) Report |
| **Attachments:** | @ |

All:

Attached is the latest/final draft for your review.

Regards,
Mike

-----Original Message-----
From: John A. Marlott [mailto:jamarlott@JonesDay.com]
Sent: Tuesday, October 20, 2009 1:07 PM
To: Michael Kane
Cc: John Adkisson; bpray@jonesday.com; cmorriss@cov.com; Knight, Lane;
Jonathan Singer
Subject: RE: Auburn/IBM: Draft Rule 26(f) Report

Mike et al,

We still need to review the final version of the 26(f) report before we
can give you authorization to file on IBM's behalf - when will we
receive it?

Regards,
John


(Embed John A. Marlott

ded 77 W. Wacker Drive, Chicago, IL 60601-1692 * Direct:
312.269.4236 * Fax:
image 312.782.8585 * jamarlott@jonesday.com

moved

to

file:

pic022

1

37.gif

)Jones

Day

"Michael Kane"

<kane@fr.com>

To
"John A. Marlott"

10/19/2009 07:27 <jamarlott@JonesDay.com>, "John

PM Adkisson" <Adkisson@fr.com>

cc
<cmorriss@cov.com>, "Knight, Lane"
<lknight@balch.com>, "Jonathan

Singer" <singer@fr.com>,

<bpray@jonesday.com>

Subject
RE: Auburn/IBM: Draft Rule 26(f)

Report

John,

Auburn is willing to participate in mediation through the Court or through a private mediator at an appropriate time. We believe the parties should engage in discovery first so that each party has a better understanding of the other party's positions which will make the mediation more productive.

Thanks

Mike

-----Original Message-----
From: John A. Marlott [mailto:jamarlott@JonesDay.com]
Sent: Monday, October 19, 2009 4:31 PM
To: John Adkisson
Cc: cmorriss@cov.com; Michael Kane; Knight, Lane; Jonathan Singer; bpray@jonesday.com
Subject: Re: Auburn/IBM: Draft Rule 26(f) Report

John,

We are pulling together IBM's inserts for the Rule 26(f) report and will forward shortly.

Do you have Auburn's position regarding mediation (see Paragraph 4(g))?


(Embed John A. Marlott

ded 77 W. Wacker Drive, Chicago, IL 60601-1692 * Direct: 312.269.4236 * Fax:
image 312.782.8585 * jamarlott@jonesday.com

moved

to

file:

pic023

76.gif

3

)Jones

Day

"John Adkisson"

<Adkisson@fr.com>

To
"John A. Marlott"

10/16/2009 10:59 <jamarlott@JonesDay.com>,

AM <cmorriss@cov.com>

cc
"Michael Kane" <kane@fr.com>,

"Knight, Lane"
<lknight@balch.com>,
"Jonathan Singer" <singer@fr.com>

Subject
Auburn/IBM: Draft Rule 26(f)
Report

4

John and Chad:

I'm sorry that I was unable to join you for the conference on Wednesday, but we have worked up our half of the report, and it is attached. As you can see, there is one small issue relating to ADR that we will need to fill in on Monday, but we have filled in Auburn's position on all of the other issues.

Please fill in your sections and send back to us by the close of business on Monday, and we will take care of getting this filed with the Court on Tuesday.

Regards,
John


*********************************************************************
****************************************************

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.(FR08-i203d)
*********************************************************************
****************************************************
[attachment "Rule 26f report(v 3).doc" deleted by John A. Marlott/JonesDay] [attachment "Exhibit A to Rule 26 f report (v 2).doc" deleted by John A. Marlott/JonesDay]

==========
This e-mail (including any attachments) may contain information that is

private, confidential, or protected by attorney-client or other
privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our
records can be corrected.
==========


==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our
records can be corrected.
==========
```
        <<
                CHI_1725694_2_Auburn v  IBM __ Rule 26(f) Report_v3.DOC      (97.1KB)

                (97.1KB)
         >>
```

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| AUBURN UNIVERSITY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:09-cv-694-WHA |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | § § § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

**REPORT OF THE PARTIES' PLANNING MEETING**

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order dated September 29, 2009, the parties submit this Rule 26(f) report.

1.  The following persons participated in a Rule 26(f) conference on October 14, 2009 by telephone:

    G. Lane Knight & Michael Kane, representing Auburn University ("Auburn")

    F. Chadwick Morriss & John Marlott, representing International Business Machines Corporation ("IBM")

2.  **Initial Disclosures**. The parties will complete by October 28, 2009 the initial disclosures required by Rule 26(a)(1).

3.  **Discovery Plan**. The parties do not agree on all discovery issues. The issues on which the parties have agreed are identified as such below. The parties have provided their own proposals for disputed issues.

    (a) Discovery will be needed on these subjects:

    (i) Auburn anticipates needing discovery on:

    - IBM's infringement of the patents-in-suit

    - Whether IBM's infringement is willful

    - The development or use of adaptive testing by IBM and the work performed by Thomas Barnett at IBM

- Unjust enrichment and conversion of Auburn's property, including information regarding IBM's development of the subject matter of patent nos. 6,789,032 and 7,139,944 as well as the prosecution of these patents

- Damages for IBM's infringement

- Damages for IBM's unjust enrichment

- The factual bases for IBM's counterclaims and defenses

(ii) IBM believes that fact and expert discovery should be conducted in phases consistent with IBM's proposed *Markman* process as explained below. In accordance with common practice in patent cases, the close of fact discovery and the start of expert discovery should be keyed off the date of the Court's *Markman* ruling.

IBM anticipates needing discovery on:

- The conception and reduction to practice of the inventions claimed in U.S. Patent Nos. 7,194,366 and 7,409,306

- The prosecution of the applications leading to the issuance of U.S. Patent Nos. 7,194,366 and 7,409,306 and any related patents, foreign or domestic, and issues relating to potential unenforceability of the Auburn patents

- The facts supporting Auburn's claims of infringement of U.S. Patent Nos. 7,194,366 and 7,409,306, including alleged willful infringement

- The facts supporting Auburn's claims for damages

- Information concerning prior art references and prior art processes relating to the validity of U.S. Patent Nos. 7,194,366 and 7,409,306, including third party information and information known to Auburn

- The factual basis for Auburn's state law claims for unjust enrichment and conversion (if the Court does not grant IBM's pending Motion to Dismiss those claims, Docket Nos. 30-32)

- Information from individuals or entities identified by Auburn in its initial disclosures, in its responses to written discovery, or in depositions

(b) The parties disagree on both the Court's proposed trial date and the discovery schedule. The parties have attached as Exhibit A a table of their respective proposed dates for this matter. The parties will prepare a final draft proposed schedule once the Court has determined 1) whether to change the trial date, and 2) whether a *Markman* process is necessary in this case. Each party's choices are explained below.

**Trial Date**:

Auburn's position: Auburn prefers the August 16, 2010 trial date set forth in the Court's Rule 26(f) Order and opposes the December trial date proposed by IBM. The Court's Rule 26(f) Order set the August 2010 trial date and instructed the parties to choose their deadlines accordingly. Auburn intends to abide by the Court's Order; there is no reason to disrupt the Court's schedule by moving the trial date. Moreover, an August trial date will provide both parties with sufficient time to prepare their cases—IBM received Auburn's complaint in July 2009 and an August 2010 trial will provide IBM with over a year to plan for trial. Additionally, Auburn's lead trial counsel, Juanita Brooks, and other litigation counsel already have a trial scheduled to start on December 13, 2010, in the Eastern District of Texas, and other Auburn trial attorneys have *Markman* hearings scheduled for December, 2010.

IBM's Position: IBM respectfully requests that the Court set the case for the December 13, 2010 trial term, or the next available trial term thereafter that is convenient for the Court and for counsel for both parties. IBM believes that the short amount of additional time (approximately four months) will permit the Court and the parties to complete the necessary fact and expert discovery in this complex patent infringement case involving integrated circuit manufacturing technology. In addition, as explained below, IBM has proposed an orderly case management procedure for the Court and the parties to address the *Markman* patent claim construction issues leading up to a December 2010 trial setting. Furthermore, IBM's trial counsel Mike Brock has a trial already calendared for August 2010 in Hawaii.

**Need For A Claim Construction Process/Hearing**:

Auburn's Position: Auburn contends that the Court need not use a separate claim construction hearing/process for this case. IBM has known of this dispute for years and its lawyers have stated that IBM is not infringing the Auburn patents over that same period. Despite this, IBM has not identified any claim terms that need to be construed. Auburn's position is that the traditional dispositive motion process will be sufficient to resolve the issues in this case. IBM's proposal builds in a separate and extensive claim construction process utilizing both the parties' and the Court's resources when it is not clear that any claim construction issues will drive resolution of the case. Auburn would be happy to provide additional thoughts on the issue if the Court decides it is necessary.

In the event that the Court chooses to employ a separate claim construction process, Auburn has included its proposed deadlines on Exhibit A.

<u>IBM's Position:</u>  IBM's case management proposal draws largely from the principles and recommendations of the 2009 Patent Case Management Judicial Guide ("*Judicial Patent Guide*").[1]  The *Judicial Patent Guide* recognizes that patent cases present unique case management challenges:

> Although similar in many respects to other forms of complex civil litigation, patent cases pose distinctive case-management challenges. Patent cases feature complex and dynamic technological facts to a degree rarely encountered in most other areas of litigation. Furthermore, they employ unique procedures (such as claim construction hearings) that affect and interact with other aspects of the case (such as summary judgment motions and expert reports) in ways that create unusual scheduling and substantive complexity. In addition, patent cases often entail distinctive and difficult discovery issues, extensive use of experts, and particularly complex dispositive and pretrial motion practice. (*Judicial Patent Guide* at p. xxix.)

Because "much of the experience relating to managing patent cases is siloed in particular judicial chambers" and "best practices for patent case management have been transmitted largely through word of mouth" in the past, the *Judicial Patent Guide* was prepared to "survey the range of approaches and perspectives on patent case management, foster discussion and analysis of patent case management techniques, and develop an authoritative guide for judges, law clerks, practitioners, and patent and civil procedure professors and scholars."  *Id*.

IBM's proposal for this case adopts two fundamental case management procedures described in the *Judicial Patent Guide* that have been used to effectively manage numerous prior patent cases:  (1) a streamlined *Markman* claim construction process; and (2) the phasing of fact and expert discovery keyed off the Court's *Markman* claim construction ruling.

- (1) IBM Proposes A Streamlined *Markman* Claim Construction Procedure.

Because it is the specific claims of a patent that define the invention to which a patent holder is entitled the right to exclude, determining what the patent claims mean is the first step in deciding whether they are valid and have been infringed. As explained in the *Judicial Patent Guide*:

> In almost every patent case, the court must construe the claims of the patent so that the court, the parties, and ultimately the jury understand the

---

[1] The *Judicial Patent Guide* is available on-line for the Court's reference at: http://www.fjc.gov/public/pdf.nsf/lookup/patent01.pdf/$file/patent01.pdf.

CHI-1725694v2 - 4 -

characteristics and scope of the claimed invention. For the court, claim scope can be a predicate to a number of pretrial issues, including summary judgment; and for the jury, it is essential to determining validity and infringement. The claim construction process arises out of the requirement in the seminal *Markman* decision that the district court resolve the meaning of patent claim terms as a matter of law. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996). (*Judicial Patent Guide* at 2.1.1.)

In this case, IBM proposes a concise *Markman* claim construction procedure and hearing to enable the Court to determine as a matter of law the proper meaning of the claim language of the Auburn patents, following the "sensible approach" outlined in the *Judicial Patent Guide*:

> A sensible approach to defining claims entails these steps: (1) the parties identify disputed, relevant claim terms (that is, those projected to have an impact on case outcome); (2) the parties argue their positions on the meaning of the claim terms; and (3) the court construes the claim terms and issues a claim construction order. Most often this is handled as a separate process in advance of summary judgment motions, but it can also be done as part of the briefing on summary judgment, particularly when claim construction may be outcome determinative. (*Judicial Patent Guide* at 2.1.1.)

As reflected in the proposed schedule attached as Exhibit A, IBM suggests an orderly, step-by-step claim construction process requiring Auburn to first identify which of the 38 patent claims of the two patents-in-suit Auburn is asserting against IBM. Then, with the specific patent claims identified, the parties will exchange lists of disputed claim terms, their proposed claim constructions for those terms, and their respective supporting evidence and arguments in advance of a *Markman* hearing, to be scheduled at the Court's convenience. This process will require the parties to confer and to focus the claim construction disputes so the issues are well-defined for the Court at the time of the *Markman* hearing.

Conducting a *Markman* hearing, preceded by an orderly process for the parties to narrow and focus the disputed claim construction issues, will be the most effective and efficient way to identify and resolve the disputes relating to patent claim interpretation. In turn, the *Markman* hearing and the Court's subsequent claim construction "*Markman* ruling" will have many potential case benefits including, *inter alia*, focusing the issues for dispositive motions or trial, potentially promoting settlement, and generally conserving the resources of the Court and the parties. Moreover, the claim construction process and the *Markman* hearing will provide the Court with an opportunity to become familiar with the patented technology and the likely areas of dispute concerning infringement and validity.

IBM's proposed schedule for the *Markman* process in this case is modeled on the "Local Patent Rules" used in numerous other districts to crystallize the issues for the Court in advance of the Markman hearing. "Local Patent Rules" including specific *Markman* procedures have been adopted in at least 14 different district courts around the country, including some of the most active patent venues such as E.D. Texas, N.D. California and N.D. Illinois. As with these Local Patent Rules, IBM's proposal lays out the timing and sequence of the parties' *Markman* exchanges and submissions in a manner designed to narrow and identify the truly-disputed claim construction issues well ahead of the *Markman* hearing. While Auburn suggests there are currently no patent claim terms in dispute and IBM has not identified the terms it wishes to have construed, the parties only began serving initial fact discovery relating to these issues last week (on October 14, 2009), and IBM's proposed schedule specifically calls for and requires timely identification and focusing of the claim construction disputes over the next several months.

Although Auburn contends that a separate *Markman* procedure is unnecessary and that the traditional motion process will be sufficient to resolve the issues, the *Judicial Patent Guide* recognizes that "[m]ost courts complete claim construction first, before allowing any dispositive motions, on the theory that the parties need a definitive statement of claim scope (which after all may be different than either one of them has advocated) before preparing summary judgment papers." *Judicial Patent Guide* at 2.1.1.3 ("Claim construction is a critical predicate to the most common summary judgment motions."). The *Judicial Patent Guide* recommends that claim construction should generally precede the summary judgment process:

> Claim construction plays a central role in scheduling and managing summary judgment motions. Generally, the pretrial issues requiring the largest investment of judicial resources in a patent case are claim construction and summary judgment. Furthermore, most of the weighty issues in a patent case—the technical aspects of infringement, and most allegations of invalidity—depend in some way on claim construction. As a result, summary judgment on the main issues in a patent case (infringement and validity) generally cannot be resolved without construing at least some disputed claim terms. For this reason, most courts construe the key disputed claim terms before considering summary judgment motions. Attempting to tackle both claim construction and summary judgment at the same time is often seen as daunting, and taking them a step at a time can be the prudent course. This is especially true where a case presents multiple similar and interrelated claim construction disputes, which are generally resolved using similar evidence. Considerable efficiency results from resolving all the claim construction issues together in a single proceeding. *Judicial Patent Guide* at 6.1.1.

IBM believes that completion of an orderly *Markman* claim construction process in advance of dispositive motions is the prudent course here, as combining the claim construction and substantive infringement/validity issues would result in

unnecessarily complex summary judgment briefing.  As just one example, without a *Markman* ruling in advance, the parties and their respective experts would be required to address multiple competing "alternative" claim constructions in the summary judgment submissions, making them more complicated and more costly.  As set forth in the attached Exhibit A, IBM proposes that expert reports and expert discovery promptly follow the issuance of the Court's *Markman* ruling, and that the deadline for dispositive motions be set for the later of August 17, 2010 (90 days prior to the December 13, 2010 trial setting) or 15 days after the parties have completed expert discovery (if expert discovery unexpectedly is still ongoing as of August 17, 2010).

- (2)  IBM Proposes That Fact Discovery And Expert Discovery Be Completed In Phases And Keyed Off The Court's *Markman* Claim Construction Ruling

Consistent with the Judicial Patent Guide, IBM proposes that fact discovery continue for a brief period after the Court has issued its *Markman* ruling:

> Often, as a result of a court's claim construction order, issues may arise justifying additional fact discovery.  For example, the court's definition may implicate previously uninvestigated features of an accused device.  Most courts therefore set fact discovery to proceed for some period after the expected ruling on claim construction.  (*Judicial Patent Guide* at 2.1.1.2.2.)

As reflected in the attached Exhibit A, IBM proposes that the fact discovery period close 30 days after the Court issues its *Markman* claim construction ruling.

Regarding expert discovery, IBM proposes that expert reports and depositions be triggered by the Court's *Markman* ruling, as recommended by the *Judicial Patent Guide*:

> Expert reports on infringement, invalidity, and damages are central to almost every patent case. Technical experts opine on infringement and invalidity based on the meaning of the claim terms as determined by (or anticipated from) the court's claim construction order. For this reason, claim construction should precede expert reports and depositions. Damage analyses may also be affected by a claim construction. For example, as a result of the court's ruling it may become apparent that certain accused devices or features are not infringing, or that a hypothetical design-around might have been easier or more difficult. Most courts therefore set expert discovery and deposition schedules to begin after claim construction. (*Judicial Patent Guide* at 2.1.1.2.3.)

As set forth in Exhibit A, IBM proposes that the parties' opening expert reports (on the issues on which the parties will bear the burden of proof) be due 30 days

after entry of the Court's *Markman* ruling, with rebuttal reports due 30 days later. IBM proposes that expert discovery close 30 days following the service of the rebuttal expert reports. With IBM's proposed approach, costly expert discovery is deferred until after the claim construction ruling, so that the parties and the experts can address only the claims as properly-construed by the Court, rather than attempting to address multiple competing "alternative" constructions proposed by the parties, but later rejected by the Court.

(c) The parties agree on a maximum of 25 interrogatories by each party to another party. Responses are due 30 days after service.

(d) The parties agree on a maximum of 25 substantive requests for admission and an unlimited number of requests for admission for the purpose of document authentication.

(e) The parties agree on a maximum of 10 depositions by each party, excluding expert depositions. The parties also agree that a properly-noticed Rule 30(b)(6) deposition of the opposing party or of a third party will count as one of each party's 10 depositions regardless of the number of deponents identified. Notwithstanding any of the foregoing, no party shall take more than 20 fact depositions without first obtaining leave of the Court.

(f) The parties agree that fact depositions will be limited to 7 hours, except for properly-noticed Rule 30(b)(6) depositions requiring multiple deponents. The parties agree that expert witnesses may be deposed for up to 7 hours per expert report.

(g) The parties' proposed dates for exchanging reports of expert witnesses are set forth in Exhibit A.

(h) The parties agree that disclosures and responses will be supplemented consistent with Federal Rule 26(e).

4. Other Items:

(a) Auburn does not request a conference with the Court before entry of a Scheduling Order.

IBM requests a conference with the Court before entry of a Scheduling Order, should the Court wish to hear from the parties regarding the trial date proposals, the parties' alternative discovery proposals, the *Markman* process, or any other case management issues.

(b) The parties' proposed dates for a pretrial conference are set forth in Exhibit A.

(c) The parties' proposed dates for the plaintiff to amend pleadings or to join parties are set forth in Exhibit A.

(d)   The parties' proposed dates for the defendant to amend pleadings or to join parties are set forth in Exhibit A.

(e)   The parties' proposed dates for filing dispositive motions are set forth in Exhibit A.

(f)   The parties agree that settlement cannot be realistically evaluated prior to the completion of preliminary discovery.

(g)   The parties are willing to participate in mediation through the Court or through a private mediator at an appropriate time.  The parties further agree that discovery should take place before any mediation so that each party has a better understanding of the other party's positions which will make the mediation more productive.

(h)   The parties' proposed dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists are set forth in Exhibit A.

(i)   The parties' proposed dates for filing objections under Rule 26(a)(3) are set forth in Exhibit A.

(j)   The parties' proposed dates for trial are set forth in Exhibit A.

   (i)   Auburn estimates that trial will take 5 court days.

   (ii)   IBM estimates that trial will take 10 court days.

(k)   The parties agree not to seek discovery regarding drafts of expert reports or communications between experts and counsel.  The parties agree that only the final expert report served on an opposing party and the materials which the expert relied upon or otherwise considered in forming his or her opinions are discoverable. Draft reports, draft declarations or draft affidavits, or notes taken by experts or prepared by testifying experts will not be subject to discovery. Communications, and documents relating to communications, between experts and counsel (including e-mail communications), except for documents, information, and things included in or attached to such communications or documents that are relied upon by the expert in his or her expert report, will not be subject to discovery.

(l)   The parties agree not to seek privilege logs as they relate to documents involving trial counsel created after July 23, 2009, the date of the filing of the complaint.

(m)   Both parties have demanded a jury trial.

(n)   A protective order will be required to safeguard sensitive technical and financial information produced by the parties and third parties during discovery.  The

      parties have begun discussions regarding the terms of such a protective order, and they anticipate submitting an agreed order for the Court's approval and entry.

(o)    The parties have had preliminary discussions regarding electronic discovery. The parties will continue these discussions and will continue to work together to identify the need for and the proper scope of any production of electronically stored information.

Date: October 20, 2009

                                         G. Lane Knight, representing Auburn University
Balch & Bingham LLP
105 Tallapoosa St., Suite 200
P.O. Box 78
Montgomery, AL 36101-0078
(334) 269-3115

Date: October 20, 2009

                                         Mike Brock
Alabama State Bar No. 5280-b61r
mbrock@cov.com
F. Chadwick Morriss
Alabama State Bar No. 8504-s75f
fmorriss@cov.com
COVINGTON & BURLING LLP
Interstate Park Center
2000 Interstate Park Drive, Suite 302
Montgomery, Alabama 36109
Telephone: 334-819-7318
Facsimile: 334-819-7321

Kenneth R. Adamo (admitted *pro hac vice*)
Ohio State Bar No. 0009303
kradamo@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: 216-586-3939
Facsimile: 216-579-0212

John A. Marlott (admitted *pro hac vice*)
Illinois State Bar No. 6230613
jamarlott@jonesday.com
Brent P. Ray (admitted *pro hac vice*)
Illinois State Bar No. 6291911
bpray@jonesday.com

JONES DAY
77 West Wacker Drive
Chicago, Illinois  60601-1692
Telephone:  312-782-3939
Facsimile:  312-782-8585

*Attorneys for Defendant*
*IBM Corporation*

**Exhibit A**

| Item | Plaintiff Auburn | Defendant IBM |
|---|---|---|
| Joinder/Amendment of pleadings deadline | December 1, 2009 | Plaintiff-Auburn: December 1, 2009<br>Defendant-IBM: January 15, 2010 |
| Plaintiff to identify Asserted Patent Claims | | December 1, 2009 |
| Parties simultaneously exchange lists identifying claim terms for construction from Asserted Patent Claims | December 7, 2009* | December 7, 2009 |
| Parties simultaneously exchange initial proposed constructions of claim terms | December 21, 2009* | December 21, 2009 |
| Parties submit simultaneous opening *Markman* claim construction briefs | January 11, 2010* | January 11, 2010 |
| Parties submit simultaneous answering *Markman* claim construction briefs | February 1, 2010* | February 1, 2010 |
| *Markman* claim construction hearing | February 22, 2010* | At the Court's earliest convenience after February 1, 2010 |
| Opening expert reports on issues on which the parties will bear the burden of proof | March 22, 2010 | 30 days after entry of the Court's *Markman* ruling |
| Dispositive motions filed | April 19, 2010 | The later of:<br>August 17, 2010<br>or<br>15 days following the close of expert discovery |
| Rebuttal expert reports | April 22, 2010 | 30 days after the opening expert reports |
| Submit Rule 26(a)(3) witness lists, deposition designations, and exhibit lists | July 2, 2010 | October 29, 2010 |
| Objections under Rule 26(a)(3) | | November 12, 2010 |
| Close of discovery | July 19, 2010 | Fact discovery: 30 days after entry of the Court's *Markman* ruling<br>Expert discovery: 30 days after the rebuttal expert reports |
| Pretrial conference | July 19, 2010 | November 15, 2010 |
| Trial | August 16, 2010 | December 13, 2010 |

CHI-1725694v2

\*  Auburn contends that there is no need for a claim construction hearing in this case.  Auburn has provided these dates only in the event that the Court chooses to conduct a claim construction hearing.

CHI-1725694v2