IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AUBURN UNIVERSITY, ) | |
| ) | |
|     Plaintiff, ) | |
| v. ) | CASE NO. 3:09-cv-694-MEF |
| ) | (WO) |
| INTERNATIONAL BUSINESS ) | |
| MACHINES, CORP., ) | |
| ) | |
|     Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Auburn's Statement of Appeal of Magistrate Judge Decision, Doc. #172, and Auburn's simultaneously filed Motion for Hearing re: Appeal of Magistrate Judge Decision, Doc. #171.

For the reasons stated below, the Magistrate Judge's order, Doc. #166, is due to be AFFIRMED IN PART. Auburn's Motion for Hearing, Doc. #171, is due to be GRANTED on the remaining issues contained in Auburn's Appeal.

**I. Procedural Background**

On January 28, 2011, Auburn filed its Sealed Motion to Compel production of certain documents and depositions from IBM. Doc. #154. On February 22, after the Motion to Compel was fully briefed and the parties had winnowed the motion down to four issues through a face-to-face conference, *see* Auburn University's Notice of Withdrawal of Certain

1

Issues Identified in its Motion to Compel Discovery from IBM, Doc. #161, the Magistrate Judge held a telephonic hearing. Doc. #168. During the hearing, the Magistrate Judge denied Auburn's motion on all four of the remaining issues. *Id*. The Magistrate Judge then issued a one-page order denying Auburn's motion. Doc. #166.

On March 8, Auburn appealed the Magistrate Judge's decision and moved for a hearing regarding the appeal. Docs. #171-172. Auburn's appeal is fully briefed and ripe for review. Docs. #175, 180, 208.

## II.  Standard of Review

Federal Rule of Civil Procedure 72(a) provides that a district court must set aside a magistrate judge's order only if the ruling was "clearly erroneous or contrary to law." As this Court has previously stated, this standard is a "very difficult one to meet." *Thornton v. Mercantile Stores Co.*, 180 F.R.D. 437, 439 (M.D. Ala. 1998). Additionally, as other district courts in this circuit have observed, review is "extremely deferential" toward the magistrate judge. *See, e.g., Piggot v. Sanibel Dev., LLC*, No. 07-cv-83 2008 WL 2937804 at *5, n.8 (S.D. Ala., July 23, 2008). Therefore, Auburn's burden is heavy.

This Court will also consider the language of Federal Rule of Civil Procedure 26. Rule 26 dictates that discovery is permissible if the information sought is relevant and "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In accord with this language, the Supreme Court has stated that "limitations [on discovery] come into existence when the inquiry touches upon the irrelevant." *Hickman v.*

2

*Taylor*, 329 U.S. 495, 507-508 (1947) (construing earlier version of Rule 26). To be relevant in a discovery sense, the information requested need only be germane. *See Oil, Chem. & Atomic Workers Labor Union v. N.L.R.B*, 711 F.2d 348, 360 (D.C. Cir. 1983). However, the Eleventh Circuit has held that "[w]here a significant amount of discovery has been obtained, and it appears that further discovery would not be helpful in resolving the issues, a request for further discovery is properly denied." *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1420 (11th Cir. 1994).

### III. Discussion

The issues before the court can be summarized as follows:

A. Auburn's request for production of documents regarding the development and use of the accused testing methods from 2003 to 2007, *see* doc. #175 at 4,

B. Auburn's request for production of documents "describing the accused test method," *see id.* at 11,

C. Auburn's request for production of documents and Rule 30(b)(6) deposition testimony relating to IBM's implementation of the accused method with Sony, *see id*. at 14, and

D. Auburn's request for production of communications with customers about "specifications for the products, including the quality and reliability standards of the customer." *Id.* at 18.

Each of these issues will be addressed in turn.

**A. The Magistrate Judge's order denying Auburn's request for production of documents regarding the development and use of the accused testing methods from 2003 to 2007 was not clearly erroneous or contrary to law**

Auburn contends that the 2003-2007 documents it requests from IBM would be relevant to the following four issues, despite the fact that Auburn's patent did not issue until 2007:

1. IBM's alleged infringement of Auburn's patent;

2. The validity of Auburn's patent; specifically, whether the subject matter of Auburn's patent was non-obvious at the time Auburn filed its patent application in 2001;

3. IBM's willfulness in its alleged infringement of Auburn's patent; and

4. The damages IBM will owe Auburn if Auburn can prove infringement.

**1. Documents from 2003 - 2007 are not relevant to Auburn's infringement claim.**

"It is axiomatic that there can be no infringement of a patent prior to its issuance." *Cohen v. U.S.*, 487 F.2d 525, 527 (Ct. Cl. 1973). Nevertheless, Auburn argues that IBM should be required to turn over documents from 2003 - 2007 because such documents would show how IBM's allegedly infringing methods "were developed . . . why they were developed, and . . . how they are used in practice[.]" Doc. #168 at 4:6-15. Auburn's theory is that these pre-issuance methods were substantially similar to the allegedly infringing methods IBM was using after Auburn's patent issued. *Id.* Auburn additionally claims that the documents sought from this period go "to the heart of [its] infringement case." *Id* at 4:7-8.

4

However, IBM points out that Auburn was able to prepare Final Infringement Contentions in August of 2010. Doc. #124 at 2-3. Approximately five months before filing its initial Motion to Compel, Auburn claimed to have "specifically identif[ied] IBM's infringing activities by specifically identifying information from IBM's confidential documents produced in discovery and specific sentences of deposition testimony by IBM employees that form[ed] the basis of Auburn's infringement allegations for each . . . claim." *Id.*

In light of Auburn's contradictory positions and the Eleventh Circuit's holding that where, as in this case, a "significant amount of discovery has been obtained, a request for further discovery is properly denied," *Cox*, 17 F.3d at 1420, this Court concludes that the denial of Auburn's request for documents from 2003 - 2007 based on a lack of relevance to Auburn's infringement claim was neither clearly erroneous nor contrary to law.[1]

**2. It is not clearly erroneous or contrary to law to hold that the requested documents are not sufficiently relevant to Auburn's claims of non-obviousness to compel production**

Auburn is correct in asserting that obviousness is judged at the time of the filing of the patent application. Doc. #175 at 8-9. Here, Auburn filed its first patent application in

---

[1] The Magistrate Judge's order is unclear regarding the grounds on which he denied much of Auburn's motion. Doc. #166. With regard to infringement, however, it is apparent that the Magistrate Judge's order was based on relevance. The Magistrate Judge asked Auburn when their patent issued, and IBM's response to Auburn's argument was that "[the 2003-2007 documents are] not relevant to infringement, because infringement cannot occur until the patent issues." Doc. #168 at 5:14 - 16. A few lines later, the Magistrate Judge denies Auburn's request as to the documents from 2003 - 2007. *Id.* at 5:19-20.

5

October of 2001. Doc. #1 at 2. Auburn is also correct in stating that it may, at trial, put forth evidence of secondary indicia of non-obviousness. Doc. #175 at 9. However, Auburn does not provide any indication of how documents from 2003 - 2007 would be relevant to show that Auburn's claimed method was non-obvious in 2001. As such, this Court concludes that the Magistrate Judge's refusal to compel production of these documents was not clearly erroneous or contrary to law on the basis of Auburn's desire to use the requested documents as indicators of non-obviousness.

### 3. It is not clearly erroneous or contrary to law to hold that the requested documents are not sufficiently relevant to Auburn's potential damages to compel production

Auburn claims that documents pre-dating 2007 would be relevant to the hypothetical negotiation that is the standard for determining damages in a patent infringement case. *See i4i Ltd. v. Microsoft Corp.,* 598 F.3d 831, 854 (Fed. Cir. 2010) ("We have consistently upheld experts' use of a hypothetical negotiation . . . for estimating a reasonable royalty.").

However, in its Brief in Support of Appeal, Auburn provides little support for its belief that so-called "value documents" exist beyond those already provided by IBM. Doc. #175 at 10. In its response, IBM claims to have produced value documents "without date restriction," and asserts, correctly, that the "mere hope that relevant documents might exist is insufficient to compel discovery." Doc. #180 at 11 (citing *Hubbard v. Porter*, 247 F.R.D. 27, 29-30 (D.D.C. 2008) ("Speculation that there is more will not suffice; if the theoretical possibility that more documents exist sufficed to justify additional discovery, discovery

6

would never end.")).  In that vein, IBM also points out that three of the company's deposition witnesses have testified that they were not aware of any additional documents relating to the sort of cost/benefit analysis about which Auburn is seeking further information.  *Id.* at 11 n.30.  Auburn's response offers a factually unsupported assertion that documents IBM claims do not exist must, in fact, exist.  Doc. #208-15 at 3.

In light of these arguments, this Court concludes that the Magistrate Judge's ruling on the 2003-2007 documents was not clearly erroneous or contrary to law based on the purported relevance of these documents to the issue of damages.

**4.  It is not clearly erroneous or contrary to law to hold that the requested documents are not sufficiently relevant to IBM's alleged willful infringement to compel production**

Auburn argues that Federal Circuit case law prior to its *en banc* decision in *In re Seagate Tech., LLC*, dictates that "pre-patent conduct may . . . be used to support a finding of willfulness."  Doc. #175 at 11 (quoting *Minn. Mining Mfg. Co v. Johnson & Johnson Orthopaedics, Inc.*, 976 F.2d 1559, 1581 (Fed. Cir. 1992)).

In 2007, however, the Federal Circuit, sitting *en banc*, held that "to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a *valid patent*."  *In re Seagate Tech., LLC.*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc).

Based on the Federal Circuit's holding in *Seagate*, IBM argues that because Auburn's first patent did not issue until March 20, 2007, prior to that date there was no "valid patent"

that IBM could have willfully infringed. Doc. #180 at 11.

Auburn correctly points out that there is no case law indicating that *Seagate* overturns Federal Circuit precedent regarding whether pre-issuance conduct can be used to support a finding of willfulness. Doc. #208-15 at 3. However, Auburn does not point to authority that indicates the post-*Seagate* status of the law regarding the relevance of pre-issuance conduct to a willfulness inquiry, nor was this Court able to locate any such authority. As such, this Court concludes that the Magistrate Judge's order was neither clearly erroneous nor contrary to law based on the purported relevance of the 2003-2007 documents to Auburn's claims of willful infringement.

For all of the reasons stated above, the Magistrate Judge's denial of Auburn's request for additional documents from 2003 - 2007 was not clearly erroneous or contrary to law.

**B. The Magistrate Judge's order denying Auburn's request for production of documents "describing the accused test method" is affirmed in part, with certain issues left open for oral argument**

Auburn contends that the Magistrate Judge was wrong to deny Requests for Production (RFPs) numbers twenty-two and eighty-six on overbreadth grounds. Doc. #175 at 11-14; Doc. #168 at 7:18-22 (denying motion to compel production of documents describing the accused test methods). Auburn argues that this issue too goes to "the heart of [their] case[.]" Doc. #168 at 5:24-25.

IBM argues that it has already produced all documents relevant to RFPs 22 and 86, both of which IBM considers overbroad. Doc. # 180 at 12. Here, IBM again points to the

8

fact that Auburn was able to prepare Final Infringement Contentions in August 2010. *See* Doc. #124 at 2-3. As previously discussed, Auburn claimed in 2010 to have "specifically identif[ied] IBM's infringing activities by specifically identifying information from IBM's confidential documents produced in discovery and specific sentences of deposition testimony by IBM employees that form[ed] the basis of Auburn's infringement allegations for each . . . claim." *Id.*

In light of the apparent inconsistency between Auburn's statements of August 2010 and its current request for further discovery regarding the accused test methods, this Court again concludes that the Magistrate Judge's denial of this request was not clearly erroneous or contrary to law. However, insofar as the issue of the accused test methods relates to Auburn's RFP No. 163, *see* Doc. #154 at 6 (including discussion of RFP No. 163 under the heading "IBM Should Be Compelled to Produce Documents Describing the Accused Test Methods"), this Court will withhold judgment on that issue for oral argument.

Accordingly it is hereby ORDERED that:

(1) The Magistrate Judge's ruling denying Auburn's request for production of additional documents from 2003 - 2007, Doc. #166, is hereby AFFIRMED, and, insofar as Auburn's Statement of Appeal, Doc. #172, constitutes an objection to the Magistrate Judge's ruling on this issue, that objection is OVERRULED.

(2) The Magistrate Judge's ruling denying Auburn's request for production of additional documents from 2003 - 2007, Doc. #166, is hereby AFFIRMED IN PART. Insofar as this issue may relate to any documents falling within the scope of Auburn's RFP No. 163, this Court will withhold judgment on that issue until the Court has heard oral argument by the parties. On all other issues related to Auburn's request for additional documents "describing the accused test methods," *see* Doc. # 175 at 11-14, the Magistrate Judge's order is AFFIRMED. Insofar as Auburn's Statement of

Appeal, Doc. #172, constitutes an objection to the Magistrate Judge's ruling on this issue, that objection is OVERRULED.

(3) Auburn's Motion for Oral Argument on Appeal of Magistrate Judge's Order, Doc. #171, is hereby GRANTED, with oral argument scheduled for **December 7, 2011 at 2:00 P.M. in the United States Courthouse, One Church Street, Courtroom 2A, Montgomery, Alabama.** This Court will withhold judgment on all issues contained in Auburn's Statement of Appeal that are not addressed above until this time.

DONE this the 1st day of November, 2011.

                                          /s/ Mark E. Fuller
                                UNITED STATES DISTRICT JUDGE