IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AUBURN UNIVERSITY, ) | |
| ) | |
|    Plaintiff, ) | |
| v. ) | CASE NO. 3:09-cv-694-MEF |
| ) | (WO) |
| INTERNATIONAL BUSINESS ) | |
| MACHINES, CORP., ) | |
| ) | |
|    Defendant. ) | |

## **ORDER**

This cause is before the Court on IBM's Response in Opposition to Auburn's Motion for Summary Judgment Against IBM's Affirmative License Defense and Cross-Motion for Summary Judgment (IBM's "response") (Doc. #280) and Auburn's Motion to Preclude Introduction by IBM of a New License Theory and Motion to Strike IBM's Untimely Dispositive Motion (Auburn's "motion") (Doc. #285). Also before the Court are outstanding discovery issues raised by Auburn's appeal of the magistrate judge's discovery order (Auburn's "appeal") (Doc. #172).

The Court held oral argument regarding IBM's response, Auburn's motion, and Auburn's appeal on December 8, 2011 (Hr'g Tr., Doc. #290). For the reasons discussed below, Auburn's motion is due to be granted in part and denied in part, and the magistrate judge's ruling is due to be reversed on the issue of the Sony-IBM relationship and affirmed on all other issues. Auburn's motion and Auburn's appeal will be addressed in turn.

1

### I. Auburn's Motion to Strike and Motion to Preclude

**A. Procedural Background**

The Court's Amended Scheduling Order (Doc. #207), set the deadline for dispositive motions in this case as October 28, 2011. On that date, Auburn filed a motion for summary judgment on IBM's affirmative license defense (Doc. #255). On November 30, 2011, IBM filed its response in opposition to Auburn's motion for summary judgment, along with a cross-motion for summary judgment on the affirmative license defense (Doc. #280). On December 5, 2011, Auburn filed the motion to preclude and strike at issue here (Doc. #285). In its motion, Auburn asks this Court to strike IBM's cross-motion and preclude IBM from introducing what Auburn describes as a "new license theory." The Court heard oral argument on the issues raised in Auburn's motion on December 8, 2011 (Hr'g Tr., Doc. #290).

**B. Whether an Affirmative License Defense Exists is a Question of Law Predicated on Underlying Questions of Fact**

At oral argument, the Court asked the parties to file memoranda of law on whether the affirmative license defense was premised on questions of fact or questions of law ( Hr'g Tr., Doc. #290, 277-78). Based on the parties' prompt responses to the Court's order (Docs. #291, 293), the Court concludes that the affirmative license defense is a question of law that depends heavily on underlying facts.

Auburn points to several cases that are helpful in resolving this question (Doc. #293). In *University of Colorado Foundation, Inc., v. American Cyanamid Co.*, the Federal Circuit

2

noted that "[t]he legal question of inventorship is reviewed without deference. . . . This court reviews the findings of fact upon which a district court's inventorship determination is based for clear error." 342 F.3d 1298, 1304 (Fed. Cir. 2003); *see also Univ. of Pittsburgh of Commonwealth Sys. of Higher Ed. v. Hedrick*, 573 F.3d 1290, 1297 (Fed. Cir. 2009) ("Inventorship is a question of law that we review de novo, based on underlying facts which we review for clear error."); *Lucent Techs. Inc., v. Gateway, Inc.*, 543 F.3d 710, 722-23 (Fed. Cir. 2008) (discussing jury trial of infringement issues).

Even in light of this precedent, IBM contends that there are two legal questions the Court can answer based on the facts currently in the record (Doc. #291 at 5). These questions are, one, how to interpret the employment agreement between IBM and Dr. Thomas Barnett, and, two, "whether or not Auburn has set forth evidence of conception of certain claims of the Auburn patents prior to that date." (Hr'g Tr., Doc. #290 at 9-10).

However, even as IBM argues that these are questions of law for the Court to decide, IBM's memorandum cites cases offering observations such as "[p]riority and its constituent issues of conception and reduction to practice are questions of law predicated on subsidiary factual findings," *Eaton v. Evans*, 204 F.3d 1094, 1097 (Fed. Cir. 2000), and "[q]uestions of law are not answerable in a vacuum. Only after the necessary fact pattern exists can the legal question be answered." *Dana Corp. v. Amer. Precision Co., Inc.*, 827 F.2d 755, 758 (Fed. Cir. 1987). IBM argues that the "necessary fact pattern" for ruling in its favor "is found in

the undisputed facts set forth in IBM's cross-motion."[1]  (Doc. #291 at 5).

If the facts in IBM's cross-motion are currently "undisputed," the Court believes that this is because Auburn was not aware of many of these facts until November 30, 2011, and thus has not had a chance to dispute them.  While the Court does not agree with Auburn that IBM's response purports to advance an entirely new theory of IBM's case, the Court recognizes that much of the evidence submitted with IBM's response is new to Auburn.  As will be discussed below, IBM's cross-motion will be stricken, but IBM has a right to present new evidence in order to avoid an unfavorable ruling on Auburn's motion for summary judgment, and Auburn has a right to reply to IBM's new evidence.

**1.  Auburn's Motion to Strike IBM's Cross-Motion is Due to be GRANTED**

Dispositive motions in this case were due on October 28, 2011 (Doc. #207).  IBM filed this cross-motion for summary judgment on November 30, 2011 (Doc. #280).  At oral argument before this Court on December 8, 2011, IBM conceded that its motion was untimely (Hr'g Tr., Doc. #290 at 4).  IBM stated that it filed its untimely cross-motion because the affirmative license defense was a question of law, and IBM wanted to allow the Court the opportunity to resolve the issue before trial (Hr'g Tr., Doc. #290 at 4-5).  The Court has decided that there are factual issues that must be resolved in order to determine whether IBM has a valid license defense.

---

[1] Auburn rightfully objected to the substantive arguments presented in IBM's response to the Court's request for a memorandum of law (Doc. #294).  The Court will not consider IBM's arguments, and only mentions this statement by IBM as a point of reference.

Because IBM's motion was untimely, and because the Court has concluded that there are factual questions that need to be answered before the Court can make a summary judgment ruling on the affirmative license defense, Auburn's motion to strike IBM's cross-motion for summary judgment (Doc. #285) is due to be GRANTED.

**2. Auburn's Motion to Preclude IBM's "New License Theory" is due to be DENIED.**

### a. IBM Presented Viable "New Evidence" in its Response to Auburn's Motion for Summary Judgment

In addition to striking IBM's cross-motion for summary judgment, Auburn has moved this Court to preclude the evidence introduced by IBM in its response to Auburn's motion for summary judgment and prevent IBM from introducing a "new license theory" (Doc. #285 at 6). Despite Auburn's protestations, however, IBM had a right to present the evidence at issue in opposition to Auburn's motion for summary judgment on the affirmative license defense. As such, Auburn's motion to preclude is due to be DENIED.

The Court is not convinced that IBM is introducing a "new license theory" in its response to Auburn's motion. Rather, IBM has introduced new evidence to develop a theory that IBM has advanced, albeit without providing much detail, since filing its answer to Auburn's initial complaint in September of 2009 (*See* Answer, Doc. #29 at 8 (asserting on September 28, 2009, that "Auburn's claims are barred due to license")).

IBM bears the burden of proving its affirmative license defense at trial. *See Intel Corp. v. Broadcom Corp.*, 173 F. Supp 2d. 201, 206 (D. Del. 2001) (citing *McCoy v.*

*Mitsuboshi Cutlery, Inc.*, 67 F.3d 917, 920 (Fed. Cir. 1995)) ("At trial . . . the party asserting . . . affirmative license defenses . . . bear[s] the burden of proving each of these defenses."); *Rutgers v. United States*, 41 Ct. Cl. 764, 768 (Fed. Cl. 1998) ("License to use patented technology is an affirmative defense which imposes the burden of proving the existence of a license on the defendant.") (citation omitted). In its motion for summary judgment on IBM's affirmative license defense, Auburn argues that IBM has presented no evidence to support its affirmative license defense (Doc. #255 at 6-7, 12).

The Eleventh Circuit has held that,[2] where the non-movant—here, IBM— would bear the burden of proof at trial and the movant has demonstrated an absence of evidence on the issue, the non-movant may respond in one of two ways:

> First, he or she may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was "overlooked or ignored" by the moving party, who has thus failed to meet the initial burden of showing an absence of evidence. Second, he or she may come forward with *additional evidence* sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.

*Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116-17 (11th Cir. 1993) (emphasis added).

Here, IBM bears the burden of proving its affirmative defense at trial, and Auburn's summary judgment motion argues that IBM has presented no evidence to support its defense (Doc. #255 at 6-7, 12). As such, IBM is allowed to respond to Auburn's motion with "additional evidence," as provided by *Fitzpatrick*.

---

[2] In a patent case, the law of the circuit in which the district court sits applies to non-patent issues.  In re *Cambridge Biotech Corp.* 186 F.3d 1356, 1368 (Fed. Cir. 1999)

### b. Auburn Incorrectly Argues that it will be Incurably Prejudiced by Consideration of IBM's New Evidence

Despite the propriety of IBM's introduction of new evidence, Auburn nevertheless contends that "allowing IBM to proceed with this new and unfounded license theory at this late stage would incurably prejudice Auburn."[3] (Doc. #285 at 6). For the reasons discussed below, this Court concludes that Auburn will not be prejudiced by IBM's introduction of new evidence.

In *Fils v. City of Aventura*, the Eleventh Circuit held that a district court did not abuse its discretion in considering documents filed four days after a filing deadline. 647 F.3d 1272, 1284 (11th Cir. 2011).

The *Fils* court discussed two cases which dictated its result. *Id.* at 1283. First, the *Fils* court noted that *Hargett v. Valley Fed. Savings Bank* "suggests that the district court [in *Fils*] did not abuse its discretion in [considering documents filed four days after a court-imposed deadline]." *Id*. (citing *Hargett v. Valley Fed. Savings Bank*, 10 F.3d 754 (11th Cir. 1995)).

In *Hargett*, the Eleventh Circuit held that "the district court did not abuse its discretion in allowing "the defendant to amend its answer to include a new defense four days before the pre-trial conference . . . because . . . plaintiffs were aware of this defense from the defendants' actions in earlier stages of the litigation." *Id.*

---

[3] As indicated above, *see supra* Part I.B.2.a, IBM asserted this affirmative defense in its Answer (Doc. #29 at 8). Therefore, contrary to Auburn's position, this "theory" is not "new."

The Eleventh Circuit's holding in *Hargett*, and the Circuit's subsequent citation to that decision in *Fils* weigh heavily against the granting of Auburn's motion to preclude. As in *Hargett*, Auburn has been aware of IBM's affirmative license defense since the outset of this litigation (Answer, Doc. #29 at 8). What's more, discovery is still open and the pre-trial conference is more than two months away (Doc. #207). Denying Auburn's motion in this posture will be less prejudicial than granting the defendant's motion to amend after the pre-trial conference was in *Hargett*. Additionally, Auburn will have the opportunity to conduct further discovery on the affirmative defense issue and file a reply to IBM's response.

Next, the *Fils* court discusses *Cia. Petrolera Caribe, Inc., v. Arco Caribbean Inc*. 754 F.2d 404 (1st Cir. 1985). In that case

> the defendants moved for summary judgment and, on the day scheduled for a hearing on that motion, the defendants filed a reply brief and supporting documents containing new evidence. The district court considered this late brief and evidence, but did not give the plaintiffs an opportunity to respond to these filings. The [First Circuit] found that these actions constituted an abuse of discretion, not because the district court overlooked a filing deadline, but because the late filing deprived the plaintiffs of an opportunity to rebut newly proffered evidence.

*Fils*, 647 F.3d at 1283 (*citing Petrolera Caribe*, 754 F.2d at 409-10 (internal citations omitted)).

In conclusion, the *Fils* Court noted that "[m]easured against this precedent (*Hargett* and *Petrolera Caribe*) the district court [in *Fils*] did not abuse its discretion" in considering documents filed after a deadline. *Fils*, 647 F. 3d at 1282. In the case before this Court, IBM has not even missed a deadline. Indeed, as mentioned above, the close of

8

discovery and the final pre-trial conference are still two months away.

In sum, IBM properly responded to Auburn's motion for summary judgment by presenting new evidence in opposition. Auburn will not be prejudiced because Auburn will have the opportunity to conduct additional discovery and reply to the evidence filed with IBM's response. Auburn has also moved for costs associated with the re-opening of discovery (Doc. #285 at 9). This motion is due to be DENIED.

IBM has indicated that it will work with Auburn to expedite discovery on this issue. Any additional discovery issues will be referred to the magistrate judge, and the parties are expected to work together to gather the necessary information as quickly as possible.

## II. Auburn's Appeal of the Magistrate Judge's Discovery Order

The Court has now resolved all of the issues contained in Auburn's appeal of magistrate judge's discovery order (Doc. #172), and issues this written order to indicate as much. This Court holds that the Magistrate Judge's ruling on Auburn's motion to compel (Doc. #166) regarding documents related to the Sony-IBM relationship was clearly erroneous. The Magistrate Judge's order, as to the Sony-IBM issue only, is due to be REVERSED and Auburn's Motion to Compel (Doc. #150 & #154) is due to be GRANTED as to the documents encompassed by the Court's previously issued order (Doc. #305). As to all other issues contained in Auburn's appeal and motion to compel, the Magistrate Judge's Ruling is due to be AFFIRMED.

Therefore it is hereby ORDERED that:

1) Auburn's Motion (Doc. #285) to Strike IBM's Untimely Dispositive Motion, Doc. #280, is hereby GRANTED.  IBM's cross-motion (Doc. #280) will be considered only as a response to Auburn's Motion for Summary Judgment.

2) Auburn's Motion (Doc. #285) to Preclude IBM's Introduction of a New License Theory is hereby DENIED.

3)  Auburn's motion (Doc. #285) for costs associated with discovery related to evidence presented in IBM's response is DENIED.

4)  The Magistrate Judge's order (Doc. #166)  as to discovery of documents relating to the Sony-IBM relationship is hereby REVERSED and Auburn's Motion to Compel, Doc. #150 & #154, is hereby GRANTED as to the documents encompassed by the Court's previously issued order (Doc. #305).

5) Any further discovery issues in this case are referred to the Magistrate Judge.

DONE this the 22nd day of December, 2011.

                                                    /s/ Mark E. Fuller
                                        UNITED STATES DISTRICT JUDGE