IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| AUBURN UNIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:09-cv-694-MEF |
| | ) | (WO – PUBLISH) |
| INTERNATIONAL BUSINESS | ) | |
| MACHINES, CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on Auburn's opposed Motion to Amend/Correct its Pleadings to Add a Claim for Declaratory Judgment.  (Doc. #323.)  Both parties have briefed this motion thoroughly, and the Court is fully apprised of the issues.  For the reasons set out below, Auburn's motion is due to be DENIED.

## I.     PROCEDURAL BACKGROUND

On December 20, 2011, this Court ordered (Doc. #305) that IBM turn over to Auburn certain documents detailing the relationship between IBM and Sony regarding IBM software that, if used by Sony, would allegedly infringe Auburn's U.S. Patent No. 7,409,306 ("the '306 patent").  IBM subsequently provided these documents to Auburn. In a status conference on January 13, 2012, Auburn informed the Court that, in light of the information revealed by these recently provided documents, Auburn would seek to amend its pleadings to add a claim for declaratory judgment that if Sony were to use the software provided by IBM, such use would infringe the '306 patent.  The Court granted

Auburn leave to file this motion, and ordered a briefing schedule (Doc. #318.)  Auburn's

Motion to Amend is now fully briefed and pending before the Court.

## II.    FACTUAL BACKGROUND

The facts relevant to the disposition of this motion are largely undisputed.  In light

of the discovery provided to Auburn by IBM in response to this Court's December 20,

2011 order, Auburn now acknowledges that IBM never implemented any "Neighborhood

Ruleset" or other "nearest neighbor" software (together, "the accused methods") with

regard to the Sony Cell 11S or Cell 12S products.  (Auburn's Motion, Doc. #323, at 5)

(IBM management . . . ultimately put implementation on hold . . . .").)[1]  The '306 patent

is not currently being infringed by the use of Neighborhood Rulesets or other nearest

neighbor software on the Sony Cell products, either directly or indirectly, by either IBM

or Sony.  Nevertheless, Auburn now seeks to add to its complaint a claim for declaratory

judgment that, were IBM or Sony to use the accused methods on the Sony Cell products

in the future, that implementation would infringe the '306 patent.[2]

---

[1]  The parties disagree as to why Sony never "turned on" the potentially infringing software. Auburn argues that the software was never utilized because of a looming infringement suit (Auburn's Motion, Doc. #323 at 5), while IBM argues that the threat of litigation was but one of a number of considerations, including the development of more cost-effective, less risky methods for testing the Sony products (IBM's Response, Doc. #327, at 5).  The resolution of this disagreement is not relevant to the grounds on which the Court will decide this motion, and the Court makes no determination as to the reason IBM may have chosen not to "turn on" the Sony Software.

[2]  There is no dispute that the "Neighborhood Ruleset" and "nearest neighbor" methods and software, as applied to the Sony Cell 11S and 12S products, constitute the full universe of the dispute at issue with regard to Auburn's Motion to Amend.  No other methods, software, or products are relevant to the Court's consideration of this motion.  *See* Auburn's [Proposed] Stipulation Regarding the Sony Methods (Doc. #337-3) (proposing a representation regarding the "Neighborhood Ruleset" and "nearest neighbor" methods and software, as applied to the Sony Cell 11S and 12S products, which Auburn acknowledges would eliminate a justiciable dispute between the parties); *see also* Auburn's Reply (Doc. #336 at 4.)

## III. DISCUSSION

**A) Legal standard**

A district court may deny a motion to amend the pleadings if that motion would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004). An amendment is futile where the claim a party seeks to add to its pleadings would be subject to dismissal as a matter of law. *Id.* at 1263. Claims over which this Court has no jurisdiction would be dismissed as a matter of law.

Auburn seeks jurisdiction for its proposed declaratory judgment claim under the Declaratory Judgment Act (Auburn's Motion, Doc. #323, at 6.) "A party seeking to base jurisdiction on the Declaratory Judgment Act bears the burden of proving that the facts alleged, 'under all the circumstances, show that there is a substantial controversy . . . between the parties." *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343 (Fed. Cir. 2007) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 US 118, 771 (2007)). "The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since." *Id.* at 1344.

**1) Representations by a non-holder may eliminate justiciable controversy**

The parties agree that, under the relevant case law, "binding, affirmative representations from IBM, which are both comprehensive and practical, would eliminate a justiciable dispute between the parties," (Auburn's Reply, Doc. #336, at 4). In other words, sufficient representations from IBM would eliminate this Court's jurisdiction over

3

Auburn's proposed declaratory judgment claim, thereby making the proposed amendment futile.

Most case law on the issue of what constitutes a sufficient representation to eliminate a justiciable dispute in the patent context involves a situation wherein the party that does not hold the patent at issue (the "non-holder") seeks a declaratory judgment against a patentee that the non-holder's conduct does not constitute infringement. *See, e.g., Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995) *abrogated on other grounds by MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007); *Arris Grp., Inc. v. British Telecomm. PLC*, 639 F.3d 1368 (Fed. Cir. 2011). Cases where the non-holder is the declaratory judgment plaintiff may be resolved through the patentee's issuance of a comprehensive covenant not to sue. *See, e.g., Super Sack*, 57 F.3d at 1056, 1059-60 (affirming dismissal of declaratory judgment suit where patentee represented that it would "unconditionally agree not to sue [non-holder] for infringement as to any claim of the patents-in-suit based upon the products currently manufactured and sold by [non-holder]").

However, a patentee may also pursue a declaratory judgment against a non-holder. In cases where the patentee is the declaratory judgment plaintiff, the non-holder may eliminate a justiciable controversy by representing to the Court that the non-holder has abandoned all potentially infringing conduct and that it has no plans to resume these activities in the future. See *Interdigital Technology Corp. v. OKI Am. Inc.*, 845 F. Supp. 276, 287 (E.D.Pa. 1994). Resolving this latter type of dispute is more difficult, as it is far easier for a Court to discern whether a covenant not to sue is sufficient to eliminate a

justiciable dispute than it is for a Court to determine exactly how far a non-holder must go in swearing off current and future pursuits so that the patentee can be assured that the non-holder will not infringe at some point in the future.

### 2) Parties have made competing representations in an attempt to resolve this issue

In the course of the briefing of this motion IBM, through its counsel,[3] stated the following:

> IBM affirmatively represents that it will not use, or cause any other persons to use, any, "nearest neighbor" methods to test the Sony Cell 11S or Cell12S products, nor will IBM use, or cause any other persons to use, any "Neighborhood Ruleset" or other "nearest neighbor" software in connection with the Sony Cell 11S or Cell 12S products.

(IBM's Surreply, Doc. #348, at 4.)

By comparison, Auburn sought the following representation from IBM, which IBM refused to provide:

> 1.  IBM will not use any nearest neighbor methods to test the Sony Cell processor products, nor will IBM use any "Neighborhood Ruleset" or other nearest neighbor software in connection with the Sony Cell processor products.

> 2.  IBM will not instruct, encourage, or otherwise induce other persons to use, or have other persons use on its behalf, any nearest neighbor methods or software in connection with the Sony Cell processor products.  IBM will advise Auburn in writing, within 14 days, if it learns other persons are using nearest neighbor methods or software in connection with the Sony Cell processor products; and

> 3.  Within 30 days of the Court's Order, IBM will, after a reasonable search, delete all copies of any nearest neighbor software that was

---

[3]   The Federal Circuit has held that representations made through counsel are binding on the parties represented.  *Super Sack*, 57 F.3d at 1059.

developed in connection with the Sony Cell processor products.  IBM will certify the deletion to the Court in writing within 7 days thereof.

(Auburn's Reply, Doc. #366, at 4-5.)

Therefore, the issue is whether IBM's representation, absent provisions that IBM will delete "all copies of any nearest neighbor software" and "advise Auburn . . . if it learns other persons are using nearest neighbor methods or software in connection with the Sony Cell products," is sufficiently comprehensive to eliminate a justiciable dispute between the parties.

**B) Elimination of controversy depends on content of representation and whether representation eliminates reasonable apprehension of future infringement**

Here, Auburn is the patentee and the declaratory judgment plaintiff, and IBM is the non-holder.  Resolving this issue therefore requires determining whether IBM's representation, *supra*, is sufficient to eliminate the case or controversy that would be the subject of Auburn's proposed declaratory judgment claim.

To resolve this issue, the Court looks to precedent involving covenants not to sue by patentees in declaratory judgment suits brought by non-holders, as well as to *Interdigital*, where the non-holder's representation of its abandonment of potentially infringing activity was sufficient for the district court in that case to dismiss the patentee's declaratory judgment action for lack of jurisdiction.  *Interdigital*, 845 F.Supp. at 287.

In *Revolution Eyewear v. Aspex Eyewear*, a covenant-not-to-sue case, the Federal Circuit held that "[w]hether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant."  556 F.3d 1294, 1297 (Fed. Cir. 2009).

6

While not all of the Federal Circuit's language in *Revolution* can be applied to cases where the patentee is also the declaratory judgment plaintiff, this guiding principle is applicable, and, therefore, the sufficiency of IBM's representation will be judged based on its content.

The *Revolution* Court also noted that in two previous decisions, declaratory judgment jurisdiction was absent because there was not a "reasonable apprehension of suit." *Revolution*, 556 F.3d at 1298 (citing *Benitec*, 495 F.3d at 1346 (holding no reasonable apprehension of suit because of statutory exemption) and *Super Sack*, 57 F.3d at 1057 (holding no reasonable apprehension of suit because of comprehensive covenant not to sue for future production and sale of products that were the subject of the infringement suit)).  From these cases, this Court draws the principle that if IBM's representation eliminates any reasonable apprehension of future infringement by IBM as to the '306 patent and the Sony products, then this Court does not have jurisdiction to entertain a claim for declaratory judgment, and Auburn's motion to amend should be denied as futile.  *See also Interdigital*, 845 F.Supp at 287 ("Because [non-holder] is not currently engaging in any activity directed toward possible infringement and no harm appears immediately to be threatened [non-holder's] motion to dismiss . . . will be granted.").

**C) IBM's representations are sufficient to eliminate any reasonable apprehension of future infringement, and thus eliminate jurisdiction in this Court**

IBM has represented that it has no plans to "turn on" the accused methods for use on the Sony Products.  IBM has refused, however, to agree to represent that it will delete

the software in question or notify Auburn if IBM becomes aware of any third-party use of the allegedly infringing software on the accused products.  The Court finds that IBM's representations are sufficient, even absent the additional representations sought by Auburn, to eliminate any reasonable apprehension of future infringement.

In *Super Sack*, a covenant-not-to-sue case, the Federal Circuit noted that "declaratory justiciability respecting patent rights requires that the putative infringer's '*present* activity' place it at risk of infringement liability." 57 F.3d at 1059 (emphasis in original).  Here neither IBM's past nor present activity place Auburn at risk that the accused methods will be used on the Sony products, as those methods are not now, nor have they ever been, used on the Sony products.  (Kevin O' Buckley Dep. 13:20-15:1 (Doc. #327-1).)

Additionally, as in *Interdigital*, IBM has made binding representations that its *future* activity with relation to the Sony products will not infringe the '306 patent.  In *Interdigital*, the non-holder, OKI America,

> advised the court that OKI has recently abandoned all efforts to develop a TDMA Cellular telephone compliant with IS-54-B. OKI has also submitted a supporting declaration by John J. Farrell, Jr., stating that OKI America will undertake no further development or testing on any TDMA product designed to be compliant with IS-54-B. . . .  OKI may at some future time decide to purchase from OKI Electric telephones compliant with the proposed new standard, IS-54+, or other relevant TDMA standard. However, OKI has no current plans to develop, test or manufacture any TDMA cellular telephones until at least one year from now.

*Interdigital*, 845 F.Supp. at 287.

The district court went on dismiss the relevant portion of Interdigital's declaratory judgment action against OKI "[b]ecause OKI is *not currently engaging any activity*

directed toward possible infringement *and no harm appears immediately threatened*[.]" *Id*. (emphasis added).

Auburn and IBM both acknowledge that IBM is not currently infringing the '306 patent by using the accused methods on Sony Cell products.  Furthermore, this Court finds that IBM's representation is sufficient to eliminate the possibility of immediate harm to Auburn.  IBM has represented that it will not use, or cause any other persons to use, any, "nearest neighbor" methods, "Neighborhood Ruleset," or other "nearest neighbor" software in connection with the Sony Cell products.  (IBM Surreply, Doc. #348, at 1.)  Additionally, as discussed above, IBM *never* used the accused methods on the Sony products, and has not even contemplated doing so in at least two years (Kevin O' Buckley Dep. 13:20-15:1 (Doc. #327-1).)  Whatever the reason IBM never implemented these methods with Sony, the fact remains that IBM *never implemented these methods with Sony*.

This is a nearly identical situation to that at issue in *Interdigital*, and, while that court's holding is not binding, this Court finds that decision persuasive.  This Court finds that IBM should not be required to delete its software or police the actions of others who may use it in order to eliminate jurisdiction over Auburn's proposed declaratory judgment claim.  While IBM or Sony *could* turn the software on at any point, IBM has made a binding representation to this Court that it will not use the software itself, nor induce anyone else to do so.  This representation is as comprehensive as that at issue in *Interdigital*.  *Interdigital*, 845 F.Supp at 287.  Additionally, this Court finds IBM's representation to be equivalent to a comprehensive covenant not to sue, in that IBM's

representation makes the possibility of a future infringement suit based on IBM's future acts too speculative to form a basis for jurisdiction over Auburn's proposed declaratory judgment claim. *Cf. Super-Sack*, 57 F.3d at 1059-60.

Furthermore, requiring IBM to police the actions of others with regard to this software would impose a burden beyond what IBM should be required to do in a situation where there is not currently and never has been infringement of the '306 patent through the use of the accused methods on the Sony Cell products. *See Super-Sack*, 57 F.3d at 1059 ("[A]s our cases have made clear . . . declaratory justiciability respecting patent rights requires that the putative infringer's 'present activity' place it at risk of infringement liability.").

IBM has made sufficient representations to eliminate any reasonable apprehension of infringement. Additionally, there is no current infringement, and no harm appears immediately threatened. Therefore, IBM's representations are sufficient to eliminate the jurisdiction of this Court. Therefore, Auburn's proposed declaratory judgment claim would be futile.

**D) Arris Group, Inc. v. British Telecommunications, PLC, is distinguishable from this case**

In its arguments for jurisdiction, Auburn relies on *Arris Group, Inc. v. British Telecommunications PLC*, 639 F.3d 1368 (Fed. Cir. 2011). Auburn argues that *Arris* stands for the proposition that "IBM cannot extinguish the parties' ongoing dispute in its entirety simply by promising not to engage in *some* of the activities at issue (Auburn Reply, Doc. #336, at 2) (emphasis in original).

In *Arris*, a covenant-not-to-sue case, the non-holder declaratory judgment plaintiff (Arris) sought a declaratory judgment of non-infringement and invalidity against British Telecommunications ("BT"), the patentee.  BT had previously accused one of Arris's customers, Cable One, of infringing the patents-in-suit by using equipment purchased from Arris.  *Id.* at 1371.  The Federal Circuit held that there was jurisdiction over Arris's declaratory judgment claims against BT, largely because BT did not grant Arris a sufficient covenant not to sue and because it appeared that BT's limited representation was specifically intended to preserve the possibility of suit against Arris, as an indirect infringer, at a later date.  *Id.* at 1381.

At oral argument in front of the Federal Circuit, "BT represented that it 'does not assert that [Arris' products] directly infringe . . . [or] that [Arris] contributorily infringe[s]' the patents-in-suit by selling its products to Cable one."  *Id.* (alterations in original).  When asked why BT did not simply grant Arris a covenant not to sue, BT responded, "Why should BT give them a covenant not to sue, when for all BT knows maybe they are out there inducing infringement unbeknownst to BT? . . . BT doesn't need to forfeit a potential future right . . . to dispel [a suit for declaratory judgment]."  *Id.* (alterations in original).  The Federal Circuit held that, under the facts of the case,[4] and in combination with this refusal to grant a covenant not to sue, BT's representation was insufficient to eliminate a justiciable controversy between Arris and BT.  *Id.*

---

[4]   The Federal Circuit found that, because Arris was so intimately involved with BT's accusations against Cable One, there was "an actual controversy between Arris and BT concerning Arris' liability for, at least, contributory infringement."  *Arris*, 639 F.3d at 1375.

*Arris* is distinguishable from the instant case in two material ways.  First, IBM's representations, discussed above, are far more comprehensive than the representation made by BT in *Arris*.  Given BT's limited representation about Arris's potential liability, the Federal Circuit held that "BT's refusal to grant Arris a covenant not to sue provides a level of additional support for our finding that an actual controversy exists between Arris and BT regarding contributory infringement."  *Id.*  IBM's representations, on the other hand, are far more comprehensive and serve to eliminate any reasonable apprehension of future infringement.

Second, as IBM points out, in "*Arris* the patentee had accused the alleged indirect infringer's customers of infringement, specifically linking those claims back to the alleged infringer's current products. . . .  Thus, the declaratory judgment plaintiff [Arris] could identify both a third party direct infringer and a product that was accused of currently infringing the product.  Auburn has failed on both counts here."  (IBM's Surreply, Doc. #348, at 3.)  Auburn's conclusion that *Arris* stands for the proposition that IBM cannot extinguish a dispute by merely promising not to engage in *some* of the activities at issue, while perhaps accurate, cannot apply where there are no activities to speak of.  Here, there is no current infringer, nor any currently infringing product.  Rather than promising not to engage in "some of the activities at issue," IBM has promised to *continue* not to engage in *all* relevant activities in the future.

In sum, the apprehension of a future infringement suit was far more reasonable in *Arris* than the apprehension of future infringement by IBM is here.  In *Arris* there was both current infringement by a third party, using a product manufactured by the non-

12

holder declaratory judgment plaintiff, as well as a representation that fell short of the comprehensiveness standard established in *Super-Sack* and *Revolution Eyewear*.

## IV. CONCLUSION

For the reasons discussed above, this Court finds that Auburn's proposed claim for a declaratory judgment against IBM regarding the use of the accused methods would be futile, because IBM's representations have eliminated any actual case or controversy between the parties on this issue. *See Super Sack*, 57 F.3d at 1059-60.

Therefore, Auburn's Motion to Amend Its Pleadings to Add a Claim for Declaratory Judgment That the Accused Sony Methods Will Infringe (Doc. #323) is DENIED.


DONE this the 23rd day of April, 2012.

_____ /s/ Mark E. Fuller _____
UNITED STATES DISTRICT JUDGE