IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| AUBURN UNIVERSITY, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 3:09-cv-694-MEF |
| | ) | (WO - Publish) |
| INTERNATIONAL BUSINESS | ) | |
| MACHINES, CORP., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the following motions: (1) IBM's opposed Motion for Judgment on the Pleadings under Rule 12(c) (Doc. #212); (2) IBM's Contingent Motion to Strike Portions of Dr. F. Joel Ferguson's Expert Report (Doc. #229); (3) IBM's Motion for Scheduling Order Regarding Completion of Briefing on IBM's Motion for Summary Judgment of Noninfringement (Doc. #308); and (4) Auburn's Motion for Leave to File Supplemental Evidentiary Submission in Opposition to IBM's Motion (Doc. #251.)  For the reasons discussed below, all of these motions are due to be DENIED.

### Procedural Background

IBM is seeking judgment as a matter of law on Auburn's claims for indirect infringement and direct infringement through the doctrine of equivalents (Doc. #212 at 1). If that motion is denied as to the doctrine of equivalents claim, IBM alternatively seeks to strike the portions of Dr. F. Joel Ferguson's expert report that reference the doctrine of equivalents.   The Court held a hearing on these motions on May 9, 2012.

Auburn's First Amended Complaint alleges, as to U.S. Patent No. 7,194,366 ("the '366 patent") and 7,409,306 ("the '306 patent"), as follows:

> Upon information and belief, IBM has directly infringed, contributed to and/or actively induced infringement of the ['306 or '366] patent and is continuing to directly infringe, contribute to and/or actively induce infringement by making, using, importing, offering for sale, soliciting sales by others of, and/or selling within the United States products, including, without limitation, integrated circuits tested using the claimed methods, which is covered by one or more claims of the ['306 or '366] patent.

(Amended Complaint, Doc. #87, at ¶¶ 63, 69).

IBM alleges that, both on its face and in combination with Auburn's responses to interrogatories, this language is insufficient to support a claim for either (1) indirect infringement, or (2) direct infringement under a doctrine of equivalents theory (*see generally* Doc. #212).

## Discussion

## I.  Motion For Judgment Under Rule 12(c)

### a.  Standard of Review

A motion for judgment on the pleadings pursuant to Rule 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6).  *United States v. Ala. Dep't. Mental Health, Mental Retardation*, No. 2:08-cv-1025-MEF, 2010 WL 447399, at *2 (M.D. Ala. Feb. 9, 2010); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n. 8 (11th Cir. 2002).  Therefore, for the purposes of adjudging IBM's motion,

the Court will accept as true all well-pleaded factual allegations and view them in the light most favorable to Auburn, as it would if considering a motion under Rule 12(b)(6).  *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  However, to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 559.  It is not sufficient that the pleadings merely leave "open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery."  *Id.* at 561 (internal quotation and alteration omitted).

### b.  Indirect Infringement

A claim for indirect infringement can be shown in two ways: (1) through demonstrating that the defendant actively induced a third party to directly infringe; or (2) through a showing that the defendant contributed to the direct infringement of a third party. 35 U.S.C. § 271.

3

Auburn's opposition to IBM's motion as to indirect infringement was entirely based on IBM's use of the allegedly infringing testing methods (the "accused methods") on the Sony Cell 11S and 12S products (Doc. #215 at 4-6.) However, the procedural posture of this case has changed dramatically since IBM filed its 12(c) motion.

In light of discovery provided to Auburn by IBM in response to this Court's December 20, 2011 order (Doc. #305), Auburn has acknowledged that IBM never implemented any allegedly infringing testing methods  with regard to the Sony Cell 11S or Cell 12S products. (Auburn's Motion to Amend/Correct, Doc. #323, at 5) ("IBM management . . . ultimately put implementation on hold . . . .").)  The Court subsequently issued an order denying Auburn leave to amend its complaint and add a claim for a declaratory judgment that IBM *would* infringe *if* IBM were to implement the accused methods with Sony in the future.  The Court held that such an amendment would be futile. (Doc. #370.)

In light of these developments, at the May 9 hearing Auburn represented that it is no longer pursuing any claims for indirect infringement and that it has no remaining claims regarding the accused Sony products.  Therefore, to the extent that Auburn's claims for indirect infringement survived the Court's order of March 23, 2012 (Doc. #370), Auburn's indirect infringement claims and all claims related to the Sony products are due to be DISMISSED WITH PREJUDICE.  Accordingly, IBM's motions for judgment as to indirect infringement and its motion for scheduling order regarding completion of briefing on IBM's motion for summary judgment of noninfringement are due to be DENIED AS MOOT.

4

### c. Doctrine of Equivalents

The doctrine of equivalents may apply when a patent claim is not literally infringed, but the alleged infringer has made only "insubstantial changes and substitutions . . . which, though adding nothing, would be enough to take the copied matter outside the claim, and hence outside the reach of law." *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 607 (1950).

### 1. Auburn Has Sufficiently Pled the Doctrine of Equivalents

The parties do not agree as to  whether a claim for infringement under the doctrine of equivalents must be pled separately from a claim for literal infringement.  IBM contends that a pleading must explicitly make out a claim for infringement under the doctrine of equivalents as distinct from a claim of literal infringement (Doc. #213 at 13).  Auburn argues that a claim under the doctrine of equivalents is encompassed by a claim for direct infringement (Doc. #215 at 7).  After a review of the parties' arguments and the relevant case law, the Court concludes that, because the Federal Circuit has not said otherwise, Auburn need not have explicitly pled the doctrine of equivalents in its complaint.  *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007) (holding that a direct infringement claim made in accordance with Form 16 (now Form 18) of the Federal Rules of Civil Procedure meets the *Twombly* pleading standard).

Auburn's complaint satisfies the pleading standard for a doctrine of equivalents claim. *McZeal* dealt with a pro se plaintiff's claim for direct infringement under a doctrine of

equivalents theory.  *Id*. at 1357.  The Federal Circuit held that a properly-pled  infringement

claim need only include:

> 1) an allegation of jurisdiction; 2) a statement that the plaintiff
> owns the patent; 3) a statement that the defendant has been
> infringing the patent by making, selling, and using [the device]
> embodying the patent; 4) a statement that the plaintiff has given
> the defendant notice of its infringement; and 5) a demand for an
> injunction and damages.

*Id.* (internal quotations omitted).

The Federal Circuit has also held that "[t]o prove direct infringement, [the patentee]

must establish by a preponderance of the evidence that one or more claims of the patent read

on the accused device literally or under the doctrine of equivalents."  *Spansion, Inc. v. Int'l

Trade Comm'n*, 629 F.3d 1331, 1349 (Fed. Cir. 2010).  In combination with *Spansion*,

*McZeal* indicates that a claim under the doctrine of equivalents can be brought through an

allegation of direct infringement that complies with the five requirements set out above.

Auburn's amended complaint satisfies all five of these requirements (Doc. #87).

In their motion, IBM points out that several developments in this area of the law pre-

date the Supreme Court's decision in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  For example,

the Federal Circuit has noted that Form 18 has not been updated since *Iqbal*.  *Colida v.

Nokia*, 347 F. App'x 568, 571 n.2 (Fed. Cir. 2009) ("Form 18 is a sample pleading for patent

infringement, but is not tailored to design patents and was last updated before the Supreme

Court's *Iqbal* decision.").  Additionally, *McZeal*, along with several of the district court cases

6

cited above, were decided pre-*Iqbal* or pre-*Twombly*.

Nevertheless, the dicta in *Colida* at most indicates that the Federal Circuit may soon review whether a Form 18 complaint satisfies *Twombly's* "plausibility" standard. That dicta does not affect the presently applicable law. *McZeal* was decided post-*Twombly*, and, despite the fact that *Twombly* had not yet been explicitly held to apply outside of the antitrust context,[1] the *McZeal* Court held that form pleading satisfied *Twombly*'s heightened standard. Therefore, until the Federal Circuit explicitly says otherwise, the law allows for a pleading of a doctrine of equivalents infringement theory through a bare-bones allegation of direct infringement. *McZeal*, 501 F.3d at 1357; *see also* Fed. R. Civ. P. 84, Form 18.

The Court acknowledges that whether a doctrine of equivalents theory must be explicitly pled after *McZeal*, *Twombly*, and *Iqbal* is a close question, and one that the Federal Circuit has not explicitly answered. *See Automated Trans. Corp. v. Bill Me Later, Inc.*, No. 09-61903-CIV, 2010 WL 1882264, at *2 (S.D. Fla. May 11, 2010) (indicating that the Federal Circuit has not explicitly addressed this question). District Courts are split on the issue. *Compare Eon Corp. IP Holdings LLC v. Flo TV Inc.*, 802 F.Supp.2d 527, 532 (D. Del. 2011) (holding that a pleading for direct infringement is sufficient if it complies with Rule 84 and Form 18 of the Federal Rules of Civil Procedure) *and U.S. Gypsum Co. v. LaFarge N. Am., Inc.*, 508 F. Supp. 2d 601, 618-620 (N.D. Ill. 2007) ("A plaintiff is not required to expressly refer to the doctrine of equivalents in a complaint, alleging

---

[1] The Supreme Court first applied the *Twombly* "plausibility" standard outside of the antitrust context in *Iqbal*, 129 S.Ct. at 1949-52.

infringement and citing to [the statute prohibiting infringement] is sufficient.") *with Automated Transaction Corp.*, 2010 WL 1882264 at *2 (finding that the Federal Circuit has implied a requirement that a doctrine of equivalents claim be pled explicitly and allowing plaintiff to amend its complaint to do so) *and W.L. Gore & Assocs., Inc. v. Medtronic, Inc.*, 778 F. Supp. 2d 667, 675 (E.D. Va. 2011) (questioning whether a bare-bones Form 18 pleading of direct infringement encompasses a claim under a doctrine of equivalents theory). This Court makes its decision under what the current law seems to be, rather than attempting to make a decision based on the way the law may be trending.

### 2. Auburn Did Not "Amend" Its Infringement Contentions Through its Expert's Report, and Therefore Did Not Need to Show This Court Good Cause for Its Doctrine of Equivalents Theory.

IBM contends that, to make a claim under the doctrine of equivalents, Auburn must have moved the Court for leave to amend its Final Infringement Contentions (Doc. #117) and shown good cause for the amendment. This contention is incorrect.

IBM bases its argument on the Court's order (Doc. #139) denying IBM's Motion for Order Directing Auburn to Provide Adequate and Complete Final Infringement Contentions (Doc. #110.) In Auburn's Final Infringement Contentions Auburn states that

> as presently advised, IBM literally infringes the Asserted Claims with respect to each of the Accused Products. *Auburn reserves the right to also assert infringement under the doctrine of equivalents should IBM contend that it does not literally perform one or more elements of the Asserted claims* and/or based on further case investigation and discovery. Similarly, Auburn reserves the right to assert infringement under the doctrine of equivalents following claim construction by the

> Court.
> . . .
> Auburn reserves the right to move the Court for good cause for
> an Order to allow Auburn to amend, supplement and/or narrow
> its contentions following receipt of additional discovery and/or
> a claim construction ruling by the Court.

(Doc. #110, Ex. H, at 4) (emphasis added).

In its Motion for Final Contentions, IBM argues that Auburn should not be allowed to "unilaterally 'reserve' alternative infringement theories." (Doc. #110 at 14). The Court denied IBM's motion, holding that Auburn had "provided final infringement contentions sufficient [to] place IBM on notice of its theories of infringement (Doc. #139 at 1.) The Court also held that "IBM's argument that Auburn impermissibly reserves the right to amend its final claim contentions is without merit." (Doc. #139 at 2.)

IBM now argues that Auburn should not be permitted to pursue its doctrine of equivalents claim in part because Auburn did not move for leave to amend its final claim contentions to include a doctrine of equivalents claim. (IBM's 12(c) Motion, Doc. #212 at 4). However, this argument misconstrues the Court's order denying IBM's Motion for Final Contentions. While the Court did note that Auburn could amend its final claim contentions upon a showing of good cause, the Court also noted that Auburn's claims were sufficient to place IBM on notice of its infringement theories. Auburn had already sufficiently pled the doctrine of equivalents, *supra* p.5, and its reservation of its right to assert a more developed doctrine of equivalents claim later in the proceedings was sufficient to place IBM on notice that a doctrine of equivalents issue may arise.

9

With the advent of Dr. Ferguson's expert report and the information upon which it is based,[2] a doctrine of equivalents issue has arisen, and IBM will be responsible for responding to it at the appropriate time.[3]

### 3.   *Boss Control, Inc. v. Bombardier Inc.* **Is Distinguishable from the Instant Case**

In further support of its position that Auburn cannot rely solely on its bare-bones pleading to support a doctrine of equivalents claim, IBM relies heavily on the Federal Circuit's decision in *Boss Control, Inc. v. Bombardier Inc.*, 410 F.3d 1372 (Fed. Cir. 2005). However, *Boss Control* is distinguishable from the case at hand.

---

[2]  The Court notes that Auburn did not receive the information used to prepare Dr. Ferguson's report until very near the time the final infringement contentions were due. (Transcript, Doc. #374 at 23). Auburn points out that Dr. Ferguson's report, though coming after the final infringement contention deadline, came within three weeks of Auburn's receipt of the information needed to prepare the report (Doc. #374 at 23.)  This seems a reasonable turn around time, and prevents the Court from finding that Auburn has been "sandbagging" with regard to its claims under the doctrine of equivalents.  This situation is closely analogous to that faced by the Federal Circuit in *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. De C.V.*, 464 F.3d 1339 (Fed. Cir. 2006).  In *Kemin*, a magistrate judge struck a late-filed expert report which included references to an allegation of infringement regarding a claim not explicitly mentioned in the plaintiff's complaint.  *Id.* at 1351.  The magistrate judge "apparently believ[ing] that the supplemental expert report [raised that claim] for the first time in the litigation."  The Federal Circuit remanded the issue to the district court, holding that the "language in the complaint was sufficiently broad to encompass a charge of infringement of all the claims[,]" and that the plaintiff "diligently pursued discovery to ascertain whether [the accused process] implicated [the claim in question]."  *Id.*

[3]  Auburn's strategy of continually "reserving its right" to argue a doctrine of equivalents theory has not prejudiced IBM because that reservation, in and of itself, is sufficient to inform IBM that it should be prepared to defend against a doctrine of equivalents argument.  *See McZeal*, 501 F.3d at 1357; *cf Kemin*, 464 F.3d at 1351 ("in response to a an interrogatory asking which claims [plaintiff] was alleging were infringed . . . [plaintiff] . . . 'reserve[d] the right to seasonably update this response as the discovery may reveal that other patent claims are also infringed.'").  Auburn's strategy on this issue is similar to the strategy IBM employed in pleading an affirmative license defense and deploying that defense for the first time in its response to Auburn's motion for summary judgment on that issue (*see* Auburn's Motion for Summary Judgment on IBM's Affirmative License Defense, Doc. # 255 (withdrawn)); (IBM's Response in Opposition to Auburn's Motion for Summary Judgment on IBM's Affirmative License Defense, Doc. #280).

The Federal Circuit held that the patentee in *Boss Control* had waived any claim under the doctrine of equivalents. *Boss Control,* 410 F.3d at 1380. Unlike in this case, however, when the alleged infringer in *Boss Control* filed its motion to dismiss, the patentee had failed to raise the doctrine of equivalents in both its pleadings *and* in multiple briefs in response to a motion for summary judgment of non-infringement. *Id*. When IBM filed the motion at issue here, Auburn had not yet had the chance to argue a doctrine of equivalents theory in response to a summary judgment motion. However, since IBM's motion for judgment on the pleadings came under submission, IBM has moved for summary judgment of noninfringment.

This Court holds that, even given the cursory treatment of the doctrine of equivalents in both IBM's Motion for Summary Judgment and in Auburn's Response,[4] Auburn has not waived its doctrine of equivalents claim under *Boss Control*.[5] As Auburn pointed out in the May 9th hearing (Doc. #374 at 6), the patentee in *Boss Control* argued to the Federal Circuit that the district court erred in failing to consider the doctrine of equivalents in ruling against the patentee on the defendant's motion to dismiss, despite the fact that the plaintiff had failed

---

[4]The doctrine of equivalents is given short shrift both in IBM's summary judgment and in Auburn's response (*see* IBM's Motion for Summary Judgment of Noninfringement, Doc. #261 at 4 (discussing, in one paragraph, the standard for infringement under the doctrine of equivalents); Auburn's Response to IBM's Motion for Summary Judgment of Noninfringement, Doc. #276 at 2-3 (containing only mention of the doctrine of equivalents the response).)

[5] The Court would reach this conclusion even if IBM had not filed a motion for summary judgment of noninfringement at the time of this decision. Therefore, it is unnecessary to address the question of whether considering the filing of the summary judgment motion constitutes going "outside the pleadings," and would necessitate the conversion of IBM's motion into a Rule 56 motion for summary judgment under Rule 12(d).

to make any argument under the doctrine of equivalents in its response to the defendant's motion for summary judgment of noninfringement. *Boss Control*, 410 F.3d at 1380.

Similarly, Auburn presents no doctrine of equivalents argument in response to IBM's motion fo summary judgment. However, having held that Auburn has adequately pled the doctrine of equivalents, Auburn's doctrine of equivalents theory remains live until this case is resolved one way or another. Given the lack of argument on the issue to this point, were IBM to prevail on its pending motion for summary judgment of noninfringement, *Boss Control* indicates that Auburn would be held to have waived an appeal based on a doctrine of equivalents theory. If IBM's motion is not granted, however, Auburn would be free to make arguments under the doctrine of equivalents at trial.

## II.  IBM's Contingent Motion to Strike Is Due to Be Denied

For many of the same reasons stated above, IBM's motion to strike is also due to be denied.

IBM is not prejudiced by allowing Auburn's doctrine of equivalents claim to go forward. *See supra* n.3. For the same reasons, IBM is not prejudiced by the Court's allowance of an expert report supporting Auburn's theory. Contrary to IBM's position, Auburn did not need to seek the Court's leave, nor show good cause, to amend their complaint to include a doctrine of equivalents theory, because Dr. Ferguson's expert report is not the first time a doctrine of equivalents theory has appeared in the case. *See supra* n. 2; *Kemin*, 361 F.3d at 1351; (Auburn's Response, Doc. #243 at 7,11) . Dr. Ferguson's report

simply represents one aspect of developing a theory through discovery of the sort that is de rigeur in any litigation.

### Conclusion

For the reasons stated above, it is hereby ORDERED that

1. IBM's Motion for Judgment on the Pleadings (Doc. #212) is DENIED as MOOT as to Auburn's claims for indirect infringement and DENIED as to Auburn's claims under the doctrine of equivalents.

2. IBM's Motion for Scheduling Order Regarding Completion of Briefing on IBM's Motion for Summary Judgment of Noninfringement (Doc. #308) is DENIED as MOOT.

3. Auburn's claims for indirect infringement are DISMISSED WITH PREJUDICE.

4. IBM's Contingent Motion to Strike Portions of Dr. F. Joel Ferguson's Expert Report (Doc. #229) is DENIED.

5. Auburn's Motion for Leave to File Supplemental Evidentiary Submission in Opposition to IBM's Motion Under Federal Rule 12(c) and Contingent Motion to Strike Portions of Dr. Joel F. Ferguson's Expert Report (Doc. #251) is DENIED as MOOT.

DONE this the 4th day of June, 2012.

_____/s/ Mark E. Fuller_____
UNITED STATES DISTRICT JUDGE